# Exhibit A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS
------------------------------------------------------------------x
TIFFANY VESTERMAN

                   Plaintiff/Petitioner,

     - against -                         Index No. 506273/2024

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, et al.

                   Defendant/Respondent.
------------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit:  http://www.nycourts.gov/efile-unrepresented  or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 03/04/2024

STEWART LEE KARLIN
Name

STEWART LEE KARLIN LAW GROUP, P.C.
Firm Name

111 John St., 22nd Fl., NY, NY 10038
Address

(212) 792-9670
Phone

slk@stewartkarlin.com
E-Mail

To: NYC Law Department

100 Church Street

New York, NY 10007

6/6/18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------X

TIFFANY VESTERMAN,

      Plaintiff,

 -against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK and
and DAVID C. BANKS individually and
as s Chancellor of the Department of
Education of the City of New York,

      Defendants.
-------------------------------------------------------X

Index No.: 506273/2024

Date Purchased: 03/04/24

Plaintiff designates Kings
County as the place of trial

**<u>SUMMONS</u>**

The basis of the venue is:
Plaintiff resides at ,
756 W. Kings College Drive
St. Johns, Florida 32259

To the above named Defendant:

  You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
   February 28, 2024

            Yours, etc.,

            STEWART LEE KARLIN
            LAW GROUP, PC

             /Stewart Lee Kalrin
            STEWART LEE KARLIN, ESQ.
Defendant's Address      Attorney for Plaintiff
NYC Law Dept-Corporation Counsel 111 John Street, 22nd Floor
100 Church Street       New York, New York, 10038
New York, NY 10007      (212) 792-9670

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------X

TIFFANY VESTERMAN,

        Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, and DAVID C.
BANKS individually and as s Chancellor of
the Department of Education of the City
of New York,

        Defendant.
------------------------------------------------------X

Index No. 506273/2024

**COMPLAINT**
*Jury Trial Demanded*

Plaintiff Tiffany Vesterman, ("Plaintiff") by and through her undersigned attorney Stewart Lee Karlin, Stewart Lee Karlin Law Group, PC sues the Defendant the Department of Education of The City of New York (henceforth "Defendant or DOE") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil action seeking injunctive relief, monetary relief, including past and on-going economic loss, compensatory and other damages for failing to accommodate Plaintiff's religious practice and other claims pursuant to 42 U.S.C. 1983.

### JURISDICTION AND VENUE

2. Concurrent Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and Defendant resides within the District.

2

## THE PARTIES

3. At all times hereinafter mentioned, Plaintiff Tiffany Vesterman (hereinafter mentioned as "Plaintiff or "Ms. Vesterman"), resides within the State of Florida. Plaintiff was employed by the DOE at all times relevant as set forth in the Complaint.

4. Defendant the Department of Education of the City of New York (hereinafter "the DOE") is a political subdivision of the State of New York and is charged by law with responsibility for the operation, management, and control of the City of New York's public education. Defendant is within the jurisdiction of this Court. Defendant Chancellor Banks was the Chancellor of the DOE and was acting individually and in his official capacity of Chancellor at all times relevant in the complaint.

## FACTUAL STATEMENT

5. Plaintiff was employed as an English Language Arts (ELA) teacher from September 2001 to June 2016 at I.S.220.

6. Thereafter, Plaintiff worked as an ELA Literacy Coach from August 2016 to August 2018 at SMMS 366. Her responsibilities included supporting the English Language Arts, Social Studies, Science and Arts departments through weekly common planning time meetings, coordinating Department meetings and staff Professional Development Assistant Test Coordinator assuring testing accommodations and materials appropriately distributed, collected, and packaged, developing curriculum for grades 6th through 8th by adding novels to supplement the existing Pearson curriculum, Coverage Coordinator, implementing curriculum in 7th grade novels class, developing multiple subject standards based lesson plans, utilizing assessment data from Schoolnet to create data driven, individualized instruction, supervising test administration of teachers and

analyzed results in order to determine strengths and areas for improvement, mentoring ten teachers, specifically focusing on lesson planning and classroom management support, assessing literacy skills, modeled effective classroom instruction and coached teachers, supporting teachers by providing model lesson plans, and co-developing strategies to assist teachers with academic literacy implementation.

7. Plaintiff was also a ELA classroom teacher from September 2018 to October 2021 at I.S.220 where she developed and implemented daily and unit lesson plans for in-person and remote teaching for 8th grade, administered tests and evaluations, and analyzed student performance, modified activities for various levels of proficiency for ELL students, as well as for students with special needs, participated on a professional teacher team to create a Common Core Learning Standard, aligned curriculum, mentored colleagues in ELA strategies, adapted materials for different student proficiency levels, modeled ELA strategies for colleagues, and maintained curriculum materials and had a yoga Club for students.

8. Plaintiff was an effective teacher and literacy coach while employed with the DOE.

9. Plaintiff was discriminated against for her religious beliefs by the Defendant's discriminatory imposition of the COVID Vaccine Mandate on employees and, at the same time, placing her fingerprints into the "Problem Code" which permanently scars her as committing misconduct. As long as Plaintiff is on the Problem Code database, she is blocked from being rehired at the Defendant DOE and is barred from working for most schools and agencies in the private sector in New York City.

10. On August 23, 2021, a notice of a Vaccine Mandate was sent out by New York City Department of Education (NYC DOE) Chancellor Meisha Porter.

4

11. On September 10, 2021, an arbitration agreement was signed concerning among other issues rules that would be applied to anyone seeking a religious accommodation for the vaccine mandate. In the arbitration agreement between the NYC DOE and the United Federation of Teachers which stated in relevant part: 'Religious exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or philosophical in nature. Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).'

12. On or about September 20, 2021, Plaintiff applied for a religious exemption accommodation. (See Exhibit "A". Plaintiff who is a practicing Catholic had a sincere religious belief preventing her from being vaccinated.

13. On September 22, 2021, Plaintiff was denied religious exemption accommodation.

14. On October 5, 2021, Plaintiff was placed on Leave Without Pay stating that she cannot enter her workplace, school site or nor can she work off-site.

15. On February 2, 2022, Plaintiff received a termination notice from the NYCDOE Division of Human Resources stating that she would be terminated on February 18, 2022.

16. On February 18, 2022, Plaintiff was terminated from her teaching position by the City of New York City Department of Education.

17. Plaintiff was also placed on the 'Problem Code' at the Human Resources' Office of Personnel Investigations. This means that Defendants placed her fingerprints in a database at the Office of Personnel Investigations. The 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct or were incompetent.

18. Therefore the New York City Department of Education has considered Plaintiff as not getting vaccinated as 'misconduct' which means that Plaintiff is unemployable as a teacher in education.

19. On or about January 31, 2023, Plaintiff became aware that her fingerprints were tagged in the New York City Department of Education's 'Problem Code' at the Human Resources' Office of Personnel Investigations but was never told why.

20. Because the 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct or incompetency, Plaintiff has been stigmatized without a name clearing hearing on the matter, before putting her fingerprints into a Problem code database.

21. On February 10. 2023. Mayor Eric Adams ended the mandate but did not automatically put Plaintiff back on salary, nor give Plaintiff back pay.

22. Plaintiff remains coded for misconduct because of her sincerely held religious beliefs.

33. As a result of the defendant's actions and in actions as set forth above, plaintiff has been, and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1983 and the fourteenth amendment due process rights applying the first amendment rights of the U.S. Constitution.

34. As a result of defendant's actions, plaintiff suffered and was damaged.

35. Defendant has deprived plaintiff of such rights under color of State Law.

36. By reason of the foregoing, Defendant unlawfully discrimination against Plaintiff as concerns to his terms, conditions and privileges of employment, in that Defendants by not allowing her to practice her religion and causing her termination.

37. Defendant has deprived plaintiff of such rights under color of State Law.

6

38. These acts by Defendants are in violation of Plaintiff's rights to practice her religion guaranteed under the First Amendment to the United States Constitution.

### PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY

**WHEREFORE,** the Plaintiff demands judgement against the Defendant for all compensatory, emotional, psychological and punitive damages, and any other damages permitted by law pursuant to the above referenced causes of action. It is respectfully requested that this Court grant Plaintiff any other relief to which she is entitled, including but not limited to:

1. Reinstating Plaintiff to her former position and salary retroactively with seniority and benefits;

2. Awarding Plaintiff all the backpay and financial damages that ensued after she was placed on a lawless and unconstitutional Leave Without Pay and having assigning her a problem code;

3. Compensatory damages for past and future economic;

4. An Award of reasonable Attorney fees and litigation costs;

5. Granting such other and further relief that the Court seems just and proper.

Dated: New York, New York
February 28, 2024

STEWART LEE KARLIN
LAW GROUP, P.C.

_____
Stewart Lee Karlin, Esq.
111 John Street, 22nd Floor
New York, NY 10038
(212) 792-9670
slk@stewartkarlin.com

7

## VERIFICATION

STATE OF NEW YORK    )

COUNTY OF NEW YORK)    ss.:

I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

Conversations with the Plaintiff and information contained in the file.

Dated: New York, New York
    February 28, 2024

                             s/ Stewart Lee Karlin
                            STEWART LEE KARLIN, ESQ.

8

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
       February 28, 2024

                                              s/Stewart Lee Karlin
                                              STEWART LEE KARLIN, ESQ.



# NYSCEF Confirmation Notice
## Kings County Supreme Court

The NYSCEF website has received an electronic filing on 03/04/2024 10:33 AM. Please keep this notice as a confirmation of this filing.

**506273/2024**
**Tiffany Vesterman v. The Department of Education of the City of New York et al**
Assigned Judge: None Recorded

## Documents Received on 03/04/2024 10:33 AM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

## Filing User

Stewart Lee Karlin | slk@stewartkarlin.com | (212) 792-9670
111 John Street, 22nd Floor, New York, NY 10038

## E-mail Service Notifications

An email regarding this filing has been sent to the following on 03/04/2024 10:33 AM:

  STEWART L. KARLIN - slk@stewartkarlin.com

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | The Department of Education of the City of | No consent on record. |
| Respondent | David C. Banks. individually and as Chancellor of the | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov
Phone: Phone: 347-404-9762    Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of  1