24-CV-02755 (LDH) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TIFFANY VESTERMAN,

                                              Plaintiff,

                        -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK and DAVID C. BANKS, individually
and as a Chancellor of the Department of Education of the
City of New York,

                                              Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

**HON. SYLVIA O. HINDS-RADIX**

*Corporation Counsel of the City of New York*
Attorney for the City Defendants
100 Church Street, Room 2-173
New York, N.Y. 10007

*Of Counsel:*   Madeleine A. Knutson, Esq.
*Tel:* (212) 356-2445


Served May 31, 2024


Matter No. 2024-026472

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... iii

PRELIMINARY STATEMENT ............................................................................ 1

PROCEDURAL HISTORY ................................................................................... 2

STATEMENT OF FACTS .................................................................................... 3

       A.  DOE Vaccine Mandate Background ................................................. 3

       B.  Plaintiff's DOE Employment and Reasonable
           Accommodation Request for an Exemption to
           the Vaccine Mandate .......................................................................... 4

ARGUMENT

     POINT I

          PLAINTIFF FAILS TO STATE A CLAIM UNDER
          THE FIRST AMENDMENT/FREE EXERCISE
          CLAUSE ......................................................................................... 6

     POINT II

          PLAINTIFF'S DUE PROCESS/FOURTEENTH
          AMENDMENT CLAIM SIMILARLY FAILS ......................................... 7

     POINT III

          PLAINTIFF'S TITLE VII CLAIMS MUST BE
          DISMISSED FOR FAILURE TO PLEAD THE
          EXISTENCE OF A RIGHT TO SUE LETTER ..................................... 11

     POINT IV

          PLAINTIFF'S SHRL AND CHRL CLAIMS
          AGAINST DOE ARE PARTIALLY BARRED FOR
          FAILURE TO TIMELY FILE A NOTICE OF
          CLAIM ............................................................................................ 12

     POINT V

          THE COMPLAINT FAILS TO STATE A
          DISCRIMINATION CLAIM UNDER ALL
          STATUTES ..................................................................................... 13

**Page**

POINT VI

THE COMPLAINT FAILS TO STATE A
FAILURE TO ACCOMMODATE CLAIM UNDER
ALL STATUTES ..................................................................................... 15

POINT VII

THE COURT SHOULD EXERCISE
SUPPLEMENTAL JURISDICTION OVER
PLAINTIFF'S STATE LAW CAUSES OF
ACTION IN THE INTEREST OF JUDICIAL
ECONOMY ............................................................................................. 18

POINT VIII

PLAINTIFF'S CLAIMS SHOULD BE
DISMISSED WITH PREJUDICE........................................................... 19

CONCLUSION.................................................................................................... 20

## TABLE OF AUTHORITIES

**Cases**                                                                      **Pages**

Algarin v. NYC Health + Hosps. Corp.,
    2023 U.S. Dist. LEXIS 10866 (S.D.N.Y. 2023)................................................................16, 17

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)................................................................................................14, 15

Baker v. Home Depot,
    445 F.3d 541 (2d Cir. 2006)....................................................................................16, 17

Bd of Regents v. Roth,
    408 U.S. 564 (1972)........................................................................................................8

Beickert v. N.Y.C. Dep't of Educ.,
    2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. 2023)..................................................17, 18

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)......................................................................................................14

Bermudez v. City of New York,
    783 F.Supp.2d 560 (S.D.N.Y. 2011).............................................................................15

Broecker v. N.Y.C. Dep't of Educ.,
    573 F. Supp. 3d 878 (E.D.N.Y. 2021) ............................................................................4

Broecker v. New York Dep't of Educ.,
    585 F. Supp.3d 299, 314-315 (E.D.N.Y. 2022)............................................................16

Brown v. New York City Dep't of Educ.,
    2021 U.S. Dist. LEXIS 181382 (S.D.N.Y. 2021)..........................................................14

C.F. v. N.Y.C. Dep't of Health & Mental Hygiene,
    191 A.D.3d 52 (2d Dept. 2020)......................................................................................9

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)............................................................................................3

Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,
    508 U.S. 520 (1993)........................................................................................................6

City of Chicago v. Int'l Coll of Surgeons,
    522 U.S. 156 (1997)......................................................................................................19

Collier v. Boymelgreen Developers,
    2007 U.S. Dist. LEXIS 36181 (E.D.N.Y. 2007)...........................................................12

**Cases**                                                                     **Pages**

Coughlin v. N.Y. State Unified Ct. Sys.,
 2023 U.S. Dist. LEXIS 192576 (E.D.N.Y. 2023) .................................................... 7

Dayton v. City of Middletown,
 786 F. Supp. 2d 809 (S.D.N.Y. 2011) .................................................................. 12

Dixon v. De Blasio,
 566 F. Supp. 3d 171 (E.D.N.Y. 2021) .................................................................. 9

Doe v. Zucker,
 520 F. Supp. 3d 218 (N.D.N.Y. 2021) .................................................................. 9

Earl v. Good Samaritan Hosp. of Suffern NY,
 625 F.Supp. 3d 292 (S.D.N.Y. 2022) .................................................................. 11

Employment Div. v. Smith,
 494 U.S. 872 (1990) .................................................................................... 6, 7

Eng v. City of New York,
 715 Fed. Appx. 49 (2d Cir. 2017) ....................................................................... 14

Fifth Ave. Presbyterian Church v. City of New York,
 293 F.3d 570 (2d Cir. 2002) ............................................................................. 7

Freud v. N.Y.C. Dep't of Educ.,
 2022 U.S. Dist. LEXIS 54353 (S.D.N.Y. 2022) .................................................... 19

Glascoe v. Solomon,
 2020 U.S. Dist. LEXIS 46930 (S.D.N.Y. 2020) .................................................... 12

Greenbaum v. N.Y. City Transit Auth.,
 2022 U.S. App. LEXIS 22589 (2d Cir. 2022) ....................................................... 17

Groff v. DeJoy,
 143 S. Ct. 2279 (2023) .................................................................................... 17

Hardy v. New York City Health & Hosps. Corp.,
 164 F.3d 789 (2d Cir. 1999) ............................................................................. 12

Jacobson v. Massachusetts,
 197 U.S. 11 (1905) ..................................................................................... 8, 9

Jadallah v. N.Y.C. Dep't of Educ.,
 2023 U.S. Dist. LEXIS 670 (E.D.N.Y. 2023) ........................................................ 15

iv

**Cases**                                                                                       **Pages**

Justine Yula Potenzo v. New York City Department of Education and the City of
    New York,
    No. 501270/2023 (Sup. Ct. Putnam Cnty. 2024)....................................................10

Kane v. De Blasio,
    19 F.4th 152 (2d Cir. 2021) .................................................................7

Kane v. De Blasio,
    623 F. Supp. 3d 339 (S.D.N.Y. 2022)...................................................18

Klaassen v. Trs. of Ind. Univ.,
    549 F. Supp. 3d 836 (N.D. Ind. 2021) ...................................................9

Klaassen v. Trs. of Ind. Univ.,
    7 F.4th 592 (7th Cir. 2021) .................................................................9

Leder v. Spiegel,
    31 A.D.3d 266 (1st Dept. 2006).............................................................5

Lewinter v. New York City Dep't of Educ.,
    No. 09 Civ. 0227 (PGG), 2010 U.S. Dist. LEXIS 68493 (S.D.N.Y. 2010)............................12

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)...................................................................11

Lowman v. NVI LLC,
    821 Fed. Appx. 29 (2d Cir. 2020) ...................................................14, 17

Lucente v. IBM,
    310 F.3d 243 (2d Cir. 2002)...................................................................19

Maniscalco v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
    2022 NY Slip Op 30893(U) (Sup. Ct. NY Cnty. 2022)............................................16

Maniscalco v. N.Y.C. Dep't of Educ.,
    563 F. Supp. 3d 33 (E.D.N.Y. 2021) ........................................10, 11, 16

Marciano v. De Blasio,
    589 F. Supp. 3d 423 (S.D.N.Y. 2022)......................................................9, 16

McPherson v. N.Y. City Dep't of Educ.,
    457 F.3d 211 (2d Cir. 2006)...................................................................11

Meyer v. Nebraska,
    262 U.S. 390 (1923)...........................................................................8

**Cases**                                                                       **Pages**

N.Y.C. Mun. Labor Comm. v. City of N.Y.,
    73 Misc. 3d 621 (Sup. Ct. NY Cnty. 2021) ...........................................................................10

Offor v. Mercy Med. Ctr.,
    167 F. Supp. 3d 414 (E.D.N.Y. 2016) ...................................................................................14

Okwedy v. Molinari,
    69 Fed. Appx. 482 (2d Cir. 2003) ...........................................................................................6

Pagan v. Morrissania Neighborhood Family Health Ctr.,
    2014 U.S. Dist. LEXIS 14978 (S.D.N.Y. 2014) ....................................................................14

Parochial Bus Systems v. Board of Education,
    60 N.Y.2d 539 (N.Y. 1983) ....................................................................................................12

Phillips v. City of New York,
    775 F.3d 538 (2d Cir. 2015) ...............................................................................................8, 9

Roman Catholic Diocese v. Cuomo,
    141 S. Ct. 63 (2020) .................................................................................................................9

Ruffolo v. Oppenheimer & Co.,
    987 F.2d 129 (2d Cir. 1993) ..................................................................................................19

S. Bay United Pentecostal Church v. Newsom,
    140 S. Ct. 1613 (2020) .............................................................................................................8

Sank v. City Univ. of N.Y.,
    2011 U.S. Dist. LEXIS 125016 (S.D.N.Y. 2011) ..................................................................14

We the Patriots USA, Inc. v. Hochul,
    17 F.4th 266 (2d Cir. 2021) ...................................................................................................16

Williams v. N.Y.C. Dep't of Educ.,
    2019 U.S. Dist. LEXIS 147789 (S.D.N.Y. 2019) .............................................................12, 13

Williams v. N.Y. City Hous. Auth.,
    458 F.3d 67 (2d Cir. 2006) ....................................................................................................11

**Statutes**                                                                                                    **Pages**

24 RCNY § 3.01(d)...................................................................................................3, 4

28 U.S.C. §1331........................................................................................................2

28 U.S.C. § 1441.......................................................................................................2

28 U.S.C. § 1443.......................................................................................................2

42 U.S.C. § 1983.................................................................................................1, 2, 6, 7

42 U.S.C. § 2000e, *et seq.*..........................................................................................1

Fed. R. Civ. P. 12(b)(6) .............................................................................................2

N.Y.C. Administrative Code § 8-101, *et seq.* ............................................................1

N.Y. Educ. L. §3813...................................................................................................12

N.Y. Educ. L. § 3813(1)..............................................................................................12

N.Y. Exec. Law § 296, *et seq.*....................................................................................1

## PRELIMINARY STATEMENT

Plaintiff Tiffany Vesterman ("Plaintiff"), is a former teacher with the New York City Department of Education ("DOE"), who chose, while employed by the DOE, to refuse COVID-19 vaccination, and now refuses to accept the lawful consequences of that choice. Plaintiff commenced this action on March 4, 2024, by filing a summons and complaint ("Complaint" or "Compl.") against the DOE and David C. Banks, individually and as a Chancellor of the DOE ("Defendants"). Although Plaintiff's claims are not clearly articulated, Defendants interpret the Complaint to bring First Amendment and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983, and discrimination and failure to accommodate claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.* ("SHRL"), and the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101, *et seq.* ("CHRL"). Plaintiff seeks reinstatement to her former teaching position, along with retroactive salary, benefits, and seniority, and various compensatory damages.

All of Plaintiff's claims contain a legal defect as pled, and as such must be dismissed.  Plaintiff's Free Exercise claims must be dismissed, as Courts have already ruled that the COVID-19 vaccine mandate applicable to DOE employees ("Vaccine Mandate") is facially neutral and supported by a rational basis.  Plaintiff's Fourteenth Amendment claims similarly fail, as it is well established that vaccine requirements are within the State's police power. Furthermore, Plaintiff fails to plead the existence of a right to sue letter, a requirement for bringing suit pursuant to Title VII. Plaintiff's discrimination claims fail because Plaintiff does not allege facts that would allow the Court to draw an inference of discrimination.  Plaintiff's failure to accommodate claims, besides being partially time-barred due to her failure to file a timely notice of claim, should be dismissed because the DOE has already established that accommodating unvaccinated teachers

presented an "undue burden," and moreover, that enforcement of the Vaccine Mandate did not constitute discipline.

This suit joins the litany of lawsuits challenging the validity and constitutionality of the COVID-19 vaccine mandates, though the Second Circuit has already found the Vaccine Mandate to be both lawful and enforceable. As such, the DOE now moves to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Furthermore, given the settled nature of the legal issues at hand, leave to amend could not cure the pleading deficiencies in the Complaint. For this reason, Defendants respectfully request that the Complaint be dismissed with prejudice.

## PROCEDURAL HISTORY

Plaintiff commenced this civil action on March 4, 2024, in the Supreme Court of the State of New York, County of Kings, under Index Number 506273/2024. The Complaint was served on Defendants on March 13, 2024. Because Plaintiff alleges causes of action under 42 U.S.C. § 1983, the District Court has original jurisdiction pursuant to 28 U.S.C. §1331. On April 12, 2024, Defendants timely removed the case to the Eastern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1443.

## STATEMENT OF FACTS[1]

### A.     DOE Vaccine Mandate Background

On March 13, 2020, former Mayor Bill de Blasio declared a state of emergency in New York City ("the City") to "remove any legal and regulatory barriers related to response efforts for COVID-19". Press Release, New York City, Mayor de Blasio Issues State of Emergency (March 13, 2020), https://www.nyc.gov/office-of-the-mayor/news/138-20/mayor-de-blasio-issues-state-emergency. By March 25, 2020, the New York City Commissioner of Health and Mental Hygiene (the "Commissioner") had declared a public health emergency in the City in response to the ongoing pandemic. See Order of the Commissioner of Mental Health and Hygiene to Require COVID-19 Vaccination for Department of Education Employees, Contractors, and Others (August 24, 2021), https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe.pdf (hereinafter "Vaccine Mandate"). The Commissioner then ordered that it was necessary for the health and safety of the City that he exercise the power delegated to the Board of Health by Section 3.01(d) of the Health Code. Id. Section 3.01(d) provides that the Commissioner may not only declare a public health emergency in response to an imminent or existing threat, but may also "establish procedures to be followed, issue necessary orders and take such actions as may be necessary for the health or the safety of the City and its

---

[1] This statement of facts is derived from the allegations in the Complaint. Plaintiff's factual allegations are assumed to be true only for the purposes of this motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (court resolving motion to dismiss may consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action). Defendants rely upon the exhibits annexed to the Declaration of Assistant Corporation Counsel Madeleine A. Knutson in Support of Defendants' Reply to Defendants' Motion to Dismiss the Complaint, dated May 31, 2024 ("Knutson Declaration").

residents". NY City Health Code (24 RCNY) § 3.01(d). In an Order dated Aug 24, 2021, the Commissioner required that all DOE staff, contractors and city employees working at a DOE site provide proof of vaccination no later than September 27, 2021.[2] See Vaccine Mandate.

The New York State Public Employment Relations Board then appointed an arbitrator to negotiate the specific terms of the Vaccine Mandate between the United Federation of Teachers ("UFT") and the DOE. Broecker v. N.Y.C. Dep't of Educ., 573 F. Supp. 3d 878, 881 (E.D.N.Y. 2021). These negotiations resulted in a binding arbitration award (hereinafter, the "Arbitration Award Decision") which established: (1) a process for requesting exemptions and accommodations; (2) that employees could elect to resign from their positions in exchange for special benefits or extend their Leave Without Pay ("LWOP") with benefits through September 5, 2021; and (3) that employees who did not select either option would remain on LWOP, with health insurance, until December 1, 2021, at which point DOE could begin to unilaterally terminate their employment. Broecker, 573 F. Supp. at 882. Plaintiff relied on these facts in bringing the claims alleged in the Complaint.

**B.    Plaintiff's DOE Employment and Reasonable Accommodation Request for an Exemption to the Vaccine Mandate**

Plaintiff began her employment with the DOE in 2001, and held various teaching and coaching positions at DOE schools until her termination on February 18, 2022.[3] See Compl. ¶¶ 5-7, 16.

---

[2] The Vaccine Mandate was announced in a press release on August 23, 2021, as alleged in the Complaint. See Press Release, Mayor de Blasio, Chancellor Porter and Commissioner Chokshi Announce Department of Education Employee Vaccine Mandate (Aug. 23, 2021), https://www.nyc.gov/office-of-the-mayor/news/578-21/mayor-de-blasio-chancellor-porter-commissioner-chokshi-department-education; see also Compl. ¶ 10.

[3] Plaintiff worked as an English Language Arts ("ELA") teacher at I.S. 220 until June 2016. See Compl. ¶ 5. From August 2016 to August 2018, Plaintiff worked as an ELA Literary Coach at

The Complaint alleges that Plaintiff, "a practicing Catholic" "had a sincere religious belief preventing her from being vaccinated."[4] Compl. ¶ 12. The Complaint alleges that Plaintiff applied for a religious accommodation to the Vaccine Mandate on or about September 20, 2021, and received a notice from the DOE, dated September 22, 2021,[5] that her accommodation request had been denied. See Compl. ¶¶ 12, 13; see also Knutson Affirmation, Ex. 5. Plaintiff does not allege that she appealed the denial, although instructions to appeal were included in the denial notice the DOE issued to Plaintiff. See generally Compl.; see also Knutson Affirmation, Ex. 5.

On October 5, 2021, Plaintiff was placed on LWOP and instructed not to enter her workplace or school site. See Compl. ¶ 14. Plaintiff received a termination notice dated February 2, 2022, and was terminated effective February 18, 2022. See Compl. ¶ 15. Plaintiff alleges that on January 31, 2023, she allegedly "became aware that her fingerprints were tagged in the New York City Department of Education's 'Problem Code' at the Human Resources' Office of Personnel Investigations but was never told why."[6] See Compl. ¶ 19.

---

SMMS 366. See Compl. ¶ 6. From September 2018 to October 2021, Plaintiff worked as an ELA teacher at I.S. 220. See Compl. ¶ 7.

[4] Although the Complaint describes Plaintiff's reasonable accommodation request as Exhibit A, see Compl. ¶ 12, no such exhibit was annexed to the Complaint. See generally Compl. In a copy of Plaintiff's Reasonable Accommodation Request ("RA Request") maintained in the DOE's records, Plaintiff states that she was raised Catholic, during college she no longer identified as Catholic, and her current religious affiliation involves bringing her "Catholic faith" into her "spiritual practice." See Knutson Declaration, Ex. 1, pg. 2, 4, 8. Plaintiff's RA Request further states, "my beliefs and connection to my God is unique to me and may seem strange to some." See id. at 11.

[5] DOE records indicate that this notice was emailed to Plaintiff on September 17, 2021.

[6] Factual allegations that are unequivocally contradicted by documentary evidence are not entitled to the presumption of truth. See Leder v. Spiegel, 31 A.D.3d 266, 267 (1st Dept. 2006). In the Declaration of Mallory O. Sullivan, the Deputy Director of the Office of Employee Relations at the New York City Department of Education stated in no uncertain terms that "[a] DOE employee would not have a 'problem code' in their service history as a result of any non-compliance with the Vaccination Mandate." Knutson Declaration at Ex. 2, pg. 4. The DOE does have codes in NYCAPS that are "designed to engender special attention should an individual seek employment,

**ARGUMENT**

**POINT I**

**PLAINTIFF FAILS TO STATE A CLAIM
UNDER THE FIRST AMENDMENT/FREE
EXERCISE CLAUSE**

The Complaint alleges that "as a result of defendant's actions…plaintiff has been,
and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1983…applying the
first amendment rights of the U.S. Constitution." Compl. ¶ 33. Plaintiff further implicates the First
Amendment by accusing defendants of not allowing her to practice her religion. See Compl. ¶ 36.

Plaintiff concludes, "[t]hese acts by Defendants are in violation of Plaintiff's rights
to practice her religion guaranteed under the First Amendment." See Compl. ¶ 38.

"In order to prevail on a Free Exercise Clause claim, a plaintiff must establish that
the object of the challenged law is to infringe upon or restrict practices because of their religious
motivation, or that its purpose is the suppression of religion or religious conduct. It is not a
violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that
burdens a religious practice as long as the government can 'demonstrate a rational basis for [the]
enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than
the object, of the law." See Okwedy v. Molinari, 69 Fed. Appx. 482, 484 (2d Cir. 2003) (citing
Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993)); see also
Employment Div. v. Smith, 494 U.S. 872, 879 (1990) ("the right of free exercise does not relieve
an individual of the obligation to comply with a valid and neutral law of general applicability on

---

re-employment, or change titles with the DOE," and such codes are colloquially referred to as
"problem codes." Id. In order to track compliance with the Vaccine Mandate, a separate internal
NYCAPS code specific to the mandate was implemented, and was only visible to DOE's Office
of Personnel Investigation. Id.

the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)") (internal quotations omitted). As such, "[w]here the government seeks to enforce a law that is neutral and of general applicability . . . it need only demonstrate a rational basis for its enforcement." See Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002); see also Smith, 494 at 879.

On the Second Circuit Court of Appeals has found the Vaccine Mandate to be constitutional on its face, and that "in all its iterations, [] neutral and generally applicable." See Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021). The Vaccine Mandate applied equally to all DOE employees. As such, the relevant inquiry is whether there is a rational basis for the enforcement of the Vaccine Mandate. That hurdle is easily met. See Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021); see also Coughlin v. N.Y. State Unified Ct. Sys., 2023 U.S. Dist. LEXIS 192576 at *12 (E.D.N.Y. 2023) Because Plaintiff has failed to demonstrate that the Vaccine Mandate is a violation of the Free Exercise Clause, Plaintiff's First Amendment claim must be dismissed.

## POINT II

### PLAINTIFF'S DUE PROCESS/FOURTEENTH AMENDMENT CLAIM SIMILARLY FAILS

The Complaint provides even less specificity with respect to Plaintiff's Fourteenth Amendment claim, simply stating that, "as a result of defendant's actions…plaintiff has been, and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1983 and the fourteenth amendment due process rights…" Compl. ¶ 33. In another fleeting remark, Plaintiff takes issue with allegedly being placed in a 'problem code' database "without a name clearing hearing on the matter," which may be intended to invoke Fourteenth Amendment protections. See Compl. ¶ 20.

The liberty interests as embodied in the Due Process Clause of the Fourteenth Amendment encompass the freedom to "engage in the common occupations of life." See Bd of Regents v. Roth, 408 U.S. 564, 572 (1972) (quoting Meyer v. Nebraska, 262 U.S. 390, 399 (1923)). The freedom, however, is not unfettered and the protections granted under the Due Process Clause are not unlimited. Jacobson v. Massachusetts, 197 U.S. 11 (1905).

In Jacobson, the plaintiff challenged Massachusetts's compulsory vaccination law under the Fourteenth Amendment. The Supreme Court held that mandatory vaccination was within the State's police power. Id. at 25-27. The court rejected the claim that the individual liberty guaranteed by the Constitution overcame the State's judgment that mandatory vaccination was in the interest of the population. Id. at 38. Importantly, the controlling authority of Jacobson was recently confirmed by Chief Justice Roberts in his concurring opinion in South Bay United Pentecostal, where he stated:

> Our Constitution principally entrusts the safety and the health of the people to the politically accountable officials of the States to guard and protect. When those officials undertake to act in areas fraught with medical and scientific uncertainties, their latitude must be especially broad. Where those broad limits are not exceeded, they should not be subject to second-guessing by an unelected federal judiciary, which lack the background, competence, and expertise to assess public health and is not accountable to the people.

S. Bay United Pentecostal Church v. Newsom, 140 S. Ct. 1613 (2020) (citations omitted) (pre-vaccine COVID-19 case rejecting application for injunction to vacate California Executive order limiting attendance at places of worship to 25% of building capacity or a maximum of 110 attendees).

The Second Circuit reaffirmed the continuing vitality of Jacobson in Phillips v. City of New York, 775 F.3d 538, 542 (2d Cir. 2015), wherein it held that New York's requirement that all children be vaccinated in order to attend public school did not violate substantive due process

rights because the vaccinations were within the State's police power, and individual liberties did not overcome its judgment that such vaccination was in the interest of the population as a whole. "Plaintiffs' substantive due process challenge to the mandatory vaccination regime is therefore no more compelling than Jacobson's was more than a century ago." Id.; see also Doe v. Zucker, 520 F. Supp. 3d 218, 252 (N.D.N.Y. 2021) (rejecting plaintiff's claim that New York State's medical exemptions to mandatory school immunization requirements violated substantive due process rights); see also C.F. v. N.Y.C. Dep't of Health & Mental Hygiene, 191 A.D.3d 52, 72 (2d Dept. 2020) (holding that the City of New York's measles vaccine mandate did not violate the due process rights secured by the New York State Constitution or the Fourteenth Amendment).

Since Jacobson, federal courts throughout the country have consistently held that vaccine mandates do not implicate a fundamental right, and accordingly, have applied rational basis review in determining the constitutionality of such mandates. See Klaassen v. Trs. of Ind. Univ., 7 F.4th 592, 594 (7th Cir. 2021); see also Klaassen v. Trs. of Ind. Univ., 549 F. Supp. 3d 836, 870 (N.D. Ind. 2021) (collecting cases) (demonstrating "the consistent use of rational basis review to assess mandatory vaccination measures," and, in light of "a century's worth of rulings," declining to "extend substantive due process to recognize" a fundamental right to be free from COVID-19 vaccination requirements); see also Roman Catholic Diocese v. Cuomo, 141 S. Ct. 63, 70 (2020) (explaining that Jacobson is "essentially . . . rational basis review"); see also Dixon v. De Blasio, 566 F. Supp. 3d 171, 185 (E.D.N.Y. 2021) (rejecting the plaintiffs' appeal to the right to the "freedom of bodily health and integrity"); see also Marciano v. De Blasio, 589 F. Supp. 3d 423, 434 (S.D.N.Y. 2022) (rejecting plaintiff's claim that the Department of Health and Mental Hygiene's October 20, 2021 order requiring COVID-19 vaccinations for City employees and

certain City contractors violates his "right to bodily integrity," constituting a denial of substantive due process).

Notably, courts in New York have recently held that the City's vaccine mandate applicable to DOE employees was constitutional and did not implicate a substantive due process right. See Maniscalco v. N.Y.C. Dep't of Educ., 563 F. Supp. 3d 33, 39 (E.D.N.Y. 2021); see also N.Y.C. Mun. Labor Comm. v. City of N.Y., 73 Misc. 3d 621, 622 (Sup. Ct. NY Cnty. 2021). These recent decisions, together with a century's worth of federal jurisprudence, demonstrate that the City may mandate vaccinations without violating the due process rights secured by the Constitution. Plaintiff offers no legal authority to the contrary.

Plaintiff contends that she is "unemployable as a teacher in education."[7] Compl. ¶ 18. The proposition that the DOE vaccination policy deprives her of her right to choose her field of private employment was squarely rejected in Maniscalco. In Maniscalco, Judge Cogan held that even though the vaccine mandate applicable to DOE employees "may ultimately disqualify plaintiffs from employment in their positions at public schools in New York City [,] the Due Process Clause secures the liberty to pursue a calling or vocation, and not the right to a specific job." Maniscalco, 563 F. Supp. 3d at 38. Plaintiffs in Maniscalco were not barred from pursuing a teaching career altogether; rather, unvaccinated teachers would have to pursue teaching opportunities outside of the DOE school system. This point was made clear by Judge Cogan, who

---

[7] To the extent Plaintiff's assertion relates to her alleged placement on a "problem code" database, such allegation is easily disproven by documentary evidence, and as discussed in the Statement of Facts, is not entitled to the presumption of truth. Even if the Plaintiff had such a "problem code" in her file, Courts have dismissed claims stemming from this same alleged DOE "problem code" where the Plaintiff fails to allege that the "problem code" was published to any prospective employers. See Decision and Order, Justine Yula Potenzo v. New York City Department of Education and the City of New York, No. 501270/2023 (Sup. Ct. Putnam Cnty. 2024) NYSCEF No. 19 at 4.

noted that "property interests related to employment are not among protected fundamental rights . . . [n]either is there a fundamental right to continued public employment." Id. at 39. The same should be true in the instant case. Plaintiff was at all times free to pursue teaching employment opportunities with employers that were not subject to or did not have a vaccine mandate. For this reason, Plaintiff is "not being denied [her] fundamental right to pursue [her] profession." Id. Given the voluminous case law in support of dismissal, Plaintiff's Due Process claim must be dismissed.

**POINT III**

**PLAINTIFF'S TITLE VII CLAIMS MUST BE
DISMISSED FOR FAILURE TO PLEAD THE
EXISTENCE OF A RIGHT TO SUE LETTER**

Title VII requires that an employee file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") or a state agency prior to commencing suit. See Littlejohn v. City of New York, 795 F.3d 297, 322 (2d Cir. 2015) ("[b]efore bringing a Title VII suit in federal court, an individual must first present 'the claims forming the basis of such a suit… in a complaint to the EEOC or the equivalent state agency.'") (quoting Williams v. N.Y. City Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006)). Furthermore, a plaintiff must also obtain a right to sue letter and commence said suit within 90 days of receipt of that letter. See McPherson v. N.Y. City Dep't of Educ., 457 F.3d 211, 212-3 (2d Cir. 2006) (under Title VII a plaintiff must file a charge with the EEOC and then file suit within ninety days of receiving a right to sue letter). Dismissal of such claims is warranted where plaintiff has not demonstrated that she has satisfied these two pre-requisites. See Earl v. Good Samaritan Hosp. of Suffern NY, 625 F.Supp. 3d 292, 301-02 (S.D.N.Y. 2022) (dismissing federal discrimination claims where plaintiff neither demonstrated he had filed charges with the EEOC nor that he received a right to sue letter).

Here, Plaintiff does not allege that she filed a complaint with the EEOC, or that she received a right to sue letter, let alone that she filed suit within 90 days. See generally Compl.

-11-

Such a pleading deficiency is fatal to Plaintiff's claims. See Collier v. Boymelgreen Developers, 2007 U.S. Dist. LEXIS 36181, at *21 (E.D.N.Y. 2007) (holding that the failure to "plead receipt of a right-to-sue letter" was not a "pointless formality" but, instead, "well-established procedure" which required dismissal of Plaintiff's Title VII claims.).

**POINT IV**

**PLAINTIFF'S SHRL AND CHRL CLAIMS AGAINST DOE ARE PARTIALLY BARRED FOR FAILURE TO TIMELY FILE A NOTICE OF CLAIM**

New York Education Law § 3813(1) requires that a notice of claim be filed "within three months after the accrual of such claim" before any state law claims may be brought against DOE.  Education Law § 3813(1); see also Lewinter v. New York City Dep't of Educ., No. 09 Civ. 0227 (PGG), 2010 U.S. Dist. LEXIS 68493, at *7 (S.D.N.Y. 2010); Hardy v. New York City Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999) ("the general rule [is] that in a federal court, state notice-of-claim statutes apply to state-law claims.").  "[N]otice of claim requirements [are] 'construed strictly'" and "'[f]ailure to comply with this requirement ordinarily requires a dismissal for failure to state a cause of action.'" Dayton v. City of Middletown, 786 F. Supp. 2d 809, 823 (S.D.N.Y. 2011); see also Glascoe v. Solomon, 2020 U.S. Dist. LEXIS 46930, at *27 (S.D.N.Y. 2020) ("Courts are without power to disregard failure to comply with notice of claim requirements, even to avoid a harsh result.") (citing Parochial Bus Systems v. Board of Education, 60 N.Y.2d 539 (N.Y. 1983)).  Litigants must serve a written notice of claim on schools and their officers within three months of the accrual of the claim. See N.Y. Educ. L. §3813; see also Williams v. N.Y.C. Dep't of Educ., 2019 U.S. Dist. LEXIS 147789, at *50 (S.D.N.Y. 2019). Accrual of a claim "occurs when damages have matured and become certain and ascertainable." Williams, 2019 U.S. Dist. LEXIS 147789 at *51 (internal citations omitted).

Here, Plaintiff fails to allege filing a Notice of Claim. However, Defendants received two Notices of Claim filed by Plaintiff, one dated May 10, 2022, ("2022 NOC") and one dated February 23, 2023, ("2023 NOC"). <u>See</u> Knutson Declaration Ex. 3, 4.

In first turning to the 2022 NOC, any SHRL and CHRL claims based upon acts which occurred before February 9, 2022, must be barred for failure to timely file a notice of claim. <u>Williams</u>, 2019 U.S. Dist. LEXIS 147789 at *54. (Plaintiffs' "NYSHRL and NYCHRL claim that rely about discrete adverse employment events that occurred prior to… 90 days before [filing date of notice of claim] are untimely). According to the Complaint, the only relevant action alleged to have occurred during this time period is Plaintiff receipt of a termination notice on February 2, 2022, for a termination effective February 18, 2022. <u>See</u> Compl. ¶¶ 15, 16. Notably, the denial of Plaintiff's religious accommodation request, which occurred on September 22, 2021, <u>see</u> Compl. ¶ 13, is completely time-barred, and as such, all failure to accommodate claims under the SHRL and CHRL must be dismissed. For the 2023 NOC, any claims accruing before November 23, 2022 are time-barred, leaving only one event, Plaintiff learning that her fingerprints were allegedly tagged in a "problem code" database, within the permissible time frame for SHRL and CHRL claims.

## POINT V

### THE COMPLAINT FAILS TO STATE A DISCRIMINATION CLAIM UNDER ALL STATUTES

To succeed on a claim of discrimination under Title VII[8] and the SHRL, a Plaintiff must plausibly allege two elements: "(1) the employer discriminated against [her] (2) because of

---

[8] This analysis assumes *arguendo* that Plaintiff has met procedural requirements for bringing a Title VII claim, and that the suit was timely filed within ninety (90) days of receiving a right to sue letter.

[her] race, religion, sex, or national origin." Lowman v. NVI LLC, 821 Fed. Appx. 29, 31 (2d Cir. 2020); see also Offor v. Mercy Med. Ctr., 167 F. Supp. 3d 414, 429 (E.D.N.Y. 2016) (SHRL). Under the more liberal CHRL, Plaintiff is still required to plead facts which "plausibly give rise to an inference of unlawful discrimination." Pagan v. Morrissania Neighborhood Family Health Ctr., 2014 U.S. Dist. LEXIS 14978, at *9 (S.D.N.Y. 2014). A Plaintiff may raise an inference of discrimination with actions by, or remarks from, her employer which "convey a discriminatory animus," or by showing "preferential treatment given to similarly situated" employees. Brown v. New York City Dep't of Educ., 2021 U.S. Dist. LEXIS 181382, at *18 (S.D.N.Y. 2021).

Here, Plaintiff neither alleges that there were similarly situated individuals who were treated more favorably than Plaintiff, nor has she alleged any direct evidence of discriminatory intent in the Vaccine Mandate. See generally Compl. The Complaint includes only conclusory allegations that Plaintiff was "discriminated against for her religious beliefs by the Defendant's discriminatory imposition of the COVID Vaccine Mandate," and that Defendants "unlawfully discriminated against Plaintiff…by not allowing her to practice her religion and causing her termination." See Compl. ¶ 9, 36. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Thus, because Plaintiff failed to plead any facts giving rise to an inference of discriminatory animus on the basis of religion, Plaintiff's claim for discrimination under all statutes must be dismissed. See Eng v. City of New York, 715 Fed. Appx. 49, 53 (2d Cir. 2017) (affirming dismissal of CHRL and SHRL claims for failing to sufficiently allege the existences of individual similarly situated who were treated more favorably); Sank v. City Univ. of N.Y., 2011 U.S. Dist. LEXIS 125016 (S.D.N.Y. 2011) (dismissing gender discrimination claim when the

"Complaint contains only conclusory assertions that Plaintiff's gender motivated the challenged relocation decisions and an exposition on the alleged 'history of discrimination against women' at City College with respect to [an] unrelated issue.").

It is well-established law that it is insufficient to merely recite the "false syllogism: (1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)." Bermudez v. City of New York, 783 F.Supp.2d 560, 581 (S.D.N.Y. 2011); see also Jadallah v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 670, at *9 (E.D.N.Y. 2023). Here, Plaintiff does exactly that. She states that she is a practicing Catholic, was denied a religious exemption and ultimately lost her job, and therefore, these actions occurred *because* of her religious affiliation, though no facts are pled to establish this causation. There is no discriminatory intent inferable from the enforcement of the Arbitration Award Decision, which Plaintiff does not even allege was enforced differently among DOE employees. Here, Plaintiff only pleads conclusory allegations of discrimination, which is insufficient to state a claim. See Iqbal, 556 U.S. 662, 697 (2009).

## POINT VI

### THE COMPLAINT FAILS TO STATE A FAILURE TO ACCOMMODATE CLAIM UNDER ALL STATUTES

To state a claim for failure to accommodate her religious beliefs under Title VII,[9] the SHRL, and CHRL,[10] Plaintiff must set forth factual allegations demonstrating that 1) she holds a bona fide religious belief that conflicts with an employment requirement; 2) she informed DOE

---

[9] As above, this analysis assumes *arguendo* that Plaintiff has met procedural requirements for bringing a Title VII claim, and that the suit was timely filed within ninety (90) days of receiving a right to sue letter.

[10] As discussed in Point II, Plaintiff's SHRL and CHRL failure to accommodate claims are time-barred.

of her bona fide religious belief; and 3) she was disciplined for failing to comply with the conflicting employment requirement. Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006); see also Algarin v. NYC Health + Hosps. Corp., 2023 U.S. Dist. LEXIS 10866, at *28 (S.D.N.Y. 2023) ("The same Title VII two step framework is used to evaluate a NYCHRL claim").

       Plaintiff's *prima facie* case fails to satisfy the third prong in that, as courts have consistently held, the DOE's enforcement of the Vaccine Mandate is not a disciplinary action. Maniscalco v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 2022 NY Slip Op 30893(U) at *17 (Sup. Ct. NY Cnty. 2022). In Maniscalco, the court held that "discipline refers not merely to an action that has an adverse impact on a tenured teacher, but rather, an action that has an adverse impact on a tenured teacher and is motivated by a punitive intent." Id. at *17. The Court went on to say that the Vaccine Mandate did not have a punitive intent and the consequences for failing to comply with the Vaccine Mandate were not designed to be punitive. Id. at *18. In Maniscalco, the Court ultimately agreed with respondents "that employee vaccination status is not a disciplinary action, but rather an employment qualification." Id. Plaintiff's termination was not "discipline," instead, she was simply no longer qualified to hold her position.

       Other Courts in this circuit have found various vaccine mandates to be a proper condition of employment. See e.g., We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 294 (2d Cir. 2021) (holding that vaccination against COVID-19 was a proper condition of employment for healthcare workers); Broecker v. New York Dep't of Educ., 585 F. Supp.3d 299, 314-315 (E.D.N.Y. 2022) (citing New York State proceedings finding enforcement of the Vaccine Mandate was not disciplinary in holding that the DOE's COVID-19 Vaccine Mandate was a valid condition of employment for DOE employees); Marciano v. De Blasio, 589 F. Supp.3d 423, 431-33 (S.D.N.Y. 2022) (concluding that the New York City Board of Health and the Commissioner for

the New York City Department of Mental Health and Mental Hygiene have authority to require COVID-19 vaccination for New York City employees and contractors).

If a plaintiff establishes a *prima facie* case, the "employer must offer the employee a reasonable accommodation, unless doing so would cause an undue hardship." See Baker at 546 (internal quotations omitted); see also Greenbaum v. N.Y. City Transit Auth., 2022 U.S. App. LEXIS 22589, at *8 (2d Cir. 2022) ("The NYSHRL and the NYCHRL also do not require an employer to provide an accommodation if it would cause an undue hardship for an employer.). An "undue hardship is defined as [an] 'accommodation requiring significant expense or difficulty' including 'significant interference with the safe or efficient operation of the workplace.'" Algarin at *27-8; see also Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, at *8 (E.D.N.Y. 2023) ("the Supreme Court clarified… that an employer suffers an undue hardship when 'the accommodation would result in substantial increased costs in relation to the conduct of [an employer's] particular business.'") (quoting Groff v. DeJoy, 143 S. Ct. 2279, 2295 (2023)). Undue hardship is an affirmative defense which may be asserted "in a pre-answer motion to dismiss when the facts establishing it are clear." Lowman v. NVI LLV, 821 F. App'x 29, 31 (2d Cir. 2020).

Even had Plaintiff here pled a *prima facie* case for failure to accommodate, the DOE easily met their burden of demonstrating an undue hardship. Teaching, or otherwise working in person, but remaining unvaccinated was a undue hardship at the time because "[e]ven if [Plaintiff] took precautions such as wearing gloves, masks, and a face shield, her presence as n unvaccinated individual would have presented a risk to the vulnerable and still primarily unvaccinated student population' and other employees." Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, at *14-17 (E.D.N.Y. 2023) (internal quotations omitted); see also Algarin v. NYC Health + Hosps. Corp., 2023 U.S. Dist. LEXIS 108666, at *28 (S.D.N.Y. 2023)

-17-

("testing accommodation" constituted an undue hardship in part because "it would significantly interfere with the safe and efficient operation of the workplace."). As the DOE articulated in their email explaining their denial of Plaintiff's accommodation request: "unvaccinated employees cannot work in a school building without posing a direct threat to health and safety…[the DOE] cannot offer another worksite as an accommodation, as that would impose and undue hardship." See Knutson Declaration at Ex. 5. When Plaintiff's purported religious concern about getting vaccinated is juxtaposed with her request that she be permitted to work closely with students and other DOE employees in an in-person school setting, it is clear that the accommodation(s) she sought imposed an extraordinarily undue hardship on the DOE. As the court noted in Kane v. De Blasio, 623 F. Supp. 3d 339, 363 (S.D.N.Y. 2022), a Plaintiff's "inability to [her] students safely in person present more than a de minimis cost." (emphasis in original).

Likewise, an accommodation allowing Plaintiff to teach remotely would also constitute an undue hardship. See Beickert v. N.Y.C. Dep;t of Educ., 2023 U.S. Dist. LEXIS 170719, at *15-17 (E.D.N.Y. 2023) (dismissing failure to accommodate claim as allowing special education teacher to teach remotely would constitute undue hardship.); see also Kane v. DiBlasio, 623 F. Supp. 3d 339, n.31 (S.D.N.Y. 2022) ("Plaintiffs' argument that they can work remotely as they did when the City's schools were remote fails, because the City and DOE have decided to return to in-person learning.").

## POINT VII

### THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CAUSES OF ACTION IN THE INTEREST OF JUDICIAL ECONOMY

Defendants request that this Court exercise supplemental jurisdiction over Plaintiff's SHRL and CHRL claims. Courts may dismiss state claims on the merits in the interest

of judicial economy. <u>See</u> <u>City of Chicago v. Int'l Coll of Surgeons</u>, 522 U.S. 156, 173 (1997)

("when deciding whether the exercise supplemental jurisdiction, 'a federal court should consider

and weigh…the values of judicial economy, convenience, fairness and comity'") (internal citation

omitted). Courts have dismissed federal, SHRL, and CHRL claims all on motion to dismiss in

federal court. <u>See</u> <u>Freud v. N.Y.C. Dep't of Educ.</u>, 2022 U.S. Dist. LEXIS 54353 (S.D.N.Y. 2022).

Defendants believe that the Court should do the same here, in the interest of judicial economy.

<strong>POINT VIII</strong>

<strong>PLAINTIFF'S     CLAIMS     SHOULD     BE<br>
<u>DISMISSED WITH PREJUDICE</u></strong>

   Courts have held that it is not an abuse of discretion to deny leave to amend where

it appears that granting leave to amend is unlikely to be productive. <u>See</u> <u>Lucente v. IBM</u>, 310 F.3d

243, 258 (2d Cir. 2002) (<u>citing</u> <u>Ruffolo v. Oppenheimer & Co.</u>, 987 F.2d 129, 131 (2d Cir. 1993).

As discussed *supra,* the instant case involves legal issues that have been conclusively settled.

Plaintiff has not, and indeed, cannot, state viable claims arising from these facts. As such, we

respectfully ask the Court to dismiss the Complaint in its entirety, with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Motion to Dismiss the Complaint be granted in its entirety, with prejudice, that judgment in favor of Defendants be entered, and that Defendants be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.

Dated:          New York, New York
               May 31, 2024

                              **HON. SYLVIA O. HINDS-RADIX**
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants*
                              100 Church Street, Room 2-173
                              New York, New York 10007
                              (212) 356-2445
                              mknutson@law.nyc.gov


                     By:          */s/ Madeleine A. Knutson*
                                  Madeleine A. Knutson, Esq.