# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MICHAEL KANE, et al,

                                        Plaintiffs,

            - against –                           21-CV-7863 (VEC) (Lead Case)

BILL DE BLASIO, et al.,

                                        Defendants.

------------------------------------------------------------------------ x

MATTHEW KEIL, et al.

                                        Plaintiffs,

            - against -                            21-CV-8773 (VEC)

THE CITY OF NEW YORK, et al.,

                                          Defendants

------------------------------------------------------------------------ x

      **MALLORY O. SULLIVAN**, under penalty of perjury, declares pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

      1.     I am the Deputy Director of the Office of Employee Relations ("OER") at the New York City Department of Education ("DOE"), and I have held this position since November 2014. Prior to serving in my current position, I was an Agency Attorney with the DOE's Office of the General Counsel for approximately four years.

      2.     I submit this declaration to provide information about DOE's employment record system in response to certain allegations regarding "problem codes" as set forth in the Declaration of Natasha Solon dated May 20, 2022 (ECF dkt. 162). I am familiar

with the facts set forth herein based on my personal knowledge as well as discussions with other DOE employees and the review of DOE records.

3. In my role as Deputy Director, I oversee the DOE's Office of Personnel Investigation ("OPI"), which is responsible for, among other things, screening and conducting background investigations for all candidates for employment with the DOE or with vendors under contract with the DOE and monitoring employee and vendor employee security clearances. As a part of these processes, OPI uses internal system codes.

4. The DOE maintains electronic employment records and employee service histories for DOE employees ("DOE employment records"). DOE employment records are kept within a system called NYCAPS, which is operated by the City of New York for all DOE and City employees. DOE employment records are only visible to the DOE and reflect employees' dates of employment, titles held, and various changes in active employment status.

5. In addition, DOE has codes within NYCAPS designed to engender special attention should an individual seek employment, re-employment, or change titles with the DOE. Such a code might be used where, for example, an employee left DOE employment with a performance issue, had a nomination for employment rescinded, or was the subject of an arrest. This is designed to ensure that prior to any new employment or new title within DOE, the employee's application undergoes further review by OPI. These types of codes have been colloquially referred to as "problem codes." These codes are only visible to internal DOE Human Resources staff, and the underlying basis for such code is only accessible by OPI.

8. Separately, DOE implemented an internal NYCAPS code specific to the Commissioner of Health Order mandating vaccination of DOE employees ("Vaccination Mandate"). This code remains visible to only OPI staff to ensure vaccination status was

reviewed prior to any return of an employee placed on a leave without pay due to non-compliance with the Vaccination Mandate. A DOE employee would not have a "problem code" in their service history as a result of any non-compliance with the Vaccination Mandate.

    9.  In this instant case, Natasha Solon was placed on leave without pay due to non-compliance with the Vaccination Mandate, and returned to service once compliance with the Vaccination Mandate was confirmed. At no point did Natasha Solon have a "problem code" in her service history as a result of her non-compliance with the Vaccination Mandate nor was there ever any code in her service history arising out of her vaccination status visible to anyone outside of OPI.

Dated:  May 27, 2022
      New York, New York

              By: _____
              Mallory O. Sullivan
              Deputy Director
              Office of Employee Relations