

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MADELEINE A. KNUTSON**
*Assistant Corporation Counsel*
Labor and Employment Law Division
Phone: (212) 356-2445
E-mail: mknutson@law.nyc.gov
*Email not for service*

June 4, 2024

**By ECF**

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re: Vesterman v. The Department of Education of the City of New York, et al.,
          24-cv-02755 (LDH)(VMS)

Dear Judge Hall:

  I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel for the City of New York, attorney for the Department of Education of the City of New York and David C. Banks ("Defendants"), in the above-referenced action. Pursuant to Rule III.A.1 of Your Honor's Individual Practices, Defendants respectfully request a pre-motion conference to discuss Defendants' anticipated motion to dismiss the Complaint. The undersigned sincerely apologizes to the Court, having prematurely submitted motion papers, without first making this request.

  Plaintiff is a teacher formerly employed by the New York City Department of Education ("DOE"), whose employment was terminated on February 18, 2022 due to her failure to comply with the COVID-19 vaccine mandate applicable to DOE employees ("Vaccine Mandate"). Defendants interpret the Complaint to bring First Amendment and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983, and discrimination and failure to accommodate claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 296, et seq. ("SHRL"), and the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101, et seq. ("CHRL"). Defendants respectfully submit that dismissal of the Complaint ("Compl.") is warranted in this matter based on the grounds set forth below.

**A) Plaintiff's First Amendment Claim Fails Because a Rational Basis Exists for the Enforcement of the Vaccine Mandate**

  "In order to prevail on a Free Exercise Clause claim, a plaintiff must establish that the object of the challenged law is to infringe upon or restrict practices because of their religious

*Vesterman v. The Department of Education of the City of New York, et al.*
24-cv-02755 (LDH) (VMS)
Page 2

motivation, or that its purpose is the suppression of religion or religious conduct. It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." See Okwedy v. Molinari, 69 Fed. Appx. 482, 484 (2d Cir. 2003) (citing Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993)). The Second Circuit Court of Appeals has found the COVID-19 Vaccine Mandate to be constitutional on its face, and that "in all its iterations, is neutral and generally applicable." See Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021). As such, the relevant inquiry is whether there is a rational basis for the enforcement of the Vaccine Mandate. That hurdle is easily met. See Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021); see also Coughlin et al. v. N.Y.S. Unified Court Sys., 2023 U.S. Dist. LEXIS 192576 at *12 (E.D.N.Y. 2023). As such, Plaintiff's First Amendment claims should be dismissed.

**B) The Complaint Fails to State a Fourteenth Amendment Claim Because Mandatory Vaccination is Within the State's Police Power**

Plaintiff alleges that "as a result of defendant's actions…plaintiff has been, and continues to be, deprived of her … fourteenth amendment due process rights…"[1] Compl. ¶ 33. However, federal jurisprudence has time and again held that mandatory vaccination is within a State's police power to protect the public health and public safety, and does not implicate a fundamental right. See Jacobson v. Massachusetts, 197 U.S. 11, 24-25 (1905); see also Phillips v. City of New York, 775 F.3d 538, 542 (2d Cir. 2015) (holding that New York's requirement that all children be vaccinated in order to attend public school did not violate substantive due process rights because the vaccinations were within the State's police power); see also C.F. v. N.Y.C. Dep't of Health & Mental Hygiene, 191 A.D.3d 52, 72 (2d Dept. 2020) (holding that the City of New York's measles vaccine mandate did not violate the due process rights secured by the Fourteenth Amendment). Because the Vaccine Mandate in question here did not violate Plaintiff's due process rights, Plaintiff's Fourteenth Amendment claim should be dismissed.

**C) The Complaint Fails to State a Cause of Action for Discrimination Under All Statutes[2]**

The Complaint further fails to establish that Plaintiff was terminated *because of* her religious beliefs, thus failing to raise an inference of discrimination. To succeed on a claim of discrimination under Title VII and the SHRL, a Plaintiff must plausibly allege two elements: "(1) the employer discriminated against [her] (2) because of [her] race, religion, sex, or national

---

[1] To the extent Plaintiff takes issue with being placed in a purported "problem code" database "without a name clearing hearing on the matter," (Compl. ¶ 20), her claim is baseless. Even if true, Courts have dismissed claims stemming from the same alleged DOE "problem code." See Decision and Order, Justine Yula Potenzo v. New York City Department of Education and the City of New York, No. 501270/2023 (Sup. Ct. Putnam Cnty. 2024) NYSCEF No. 19 at 4.

[2] Plaintiff fails to plead the existence of a right to sue letter, which is fatal to her Title VII claims. See Collier v. Boymelgreen Developers, 2007 U.S. Dist. LEXIS 36181, at *21 (E.D.N.Y. 2007). Additionally, Plaintiff's SHRL and CHRL failure to accommodate claims are barred for failure to timely file a notice of claim. Williams v. N.Y.C. Dep't of Educ., 2019 U.S. Dist. LEXIS 147789, at *50 (S.D.N.Y. 2019). For the purposes of Defendants' arguments, however, Plaintiff is presumed to have properly met both of these pleading requirements.

origin." Lowman v. NVI LLC, 821 Fed. Appx. 29, 31 (2d Cir. 2020); see also Offor v. Mercy Med. Ctr., 167 F. Supp. 3d 414, 429 (E.D.N.Y. 2016) (SHRL). Under the more liberal CHRL, Plaintiff is still required to plead facts which "plausibly give rise to an inference of unlawful discrimination." Pagan v. Morrissania Neighborhood Family Health Ctr., 2014 U.S. Dist. LEXIS 14978, at *9 (S.D.N.Y. 2014). Here, the Complaint includes only conclusory allegations that Plaintiff was "discriminated against for her religious beliefs by the Defendant's discriminatory imposition of the COVID Vaccine Mandate," and that Defendants "unlawfully discriminated against Plaintiff…by not allowing her to practice her religion and causing her termination." See Compl. ¶ 9, 36. These conclusory statements are merely threadbare recitals of the cause of action, and do not suffice, even at the pleading stage. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Accordingly, Plaintiff's claims of discrimination should be dismissed.

**D) The Complaint Fails to State a Cause of Action for Failure to Accommodate Under All Statutes[3]**

The DOE's enforcement of the Vaccine Mandate was not disciplinary action, which is a required element for pleading failure to accommodate claims under all statutes. See Baker v. Home Depot, 445 F.3d 541, 546 (2d. Cir. 2006). Instead, Plaintiff was terminated because she was no longer qualified to hold her position. See Maniscalco v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 2022 NY Slip Op 30893(U) at *18 (Sup. Ct. NY Cnty. 2022) ("employee vaccination status is not a disciplinary action, but rather an employment qualification."). Courts in this circuit have found this same Vaccine Mandate to be a valid condition of employment. See Broecker v. New York Dep't of Educ., 585 F. Supp.3d 299, 314-315 (E.D.N.Y. 2022). Even had Plaintiff pled a *prima facie* case for failure to accommodate, employers are not required to offer accommodations that would cause an undue hardship. See Greenbaum v. N.Y. City Transit Auth., 2022 U.S. App. LEXIS 22589, at *8 (2d Cir. 2022). Because Plaintiff was not disciplined by Defendants, and because granting the requested accommodation would have resulted in an undue hardship for the DOE, Plaintiff's failure to accommodate claims must be dismissed.

For the foregoing reasons, Defendants respectfully request that the Court hold a pre-motion conference. Thank you for your consideration of this request.

Respectfully submitted,

*/s/ Madeleine A. Knutson*

Madeleine A. Knutson, Esq.
Assistant Corporation Counsel

cc:   All counsel (By ECF)

---

[3] As above, this analysis assumes, *arguendo*, that Plaintiff complied with applicable notice requirements.