**STEWART LEE KARLIN LAW GROUP, P.C.**
**111 John Street, 22nd Floor**
**New York, New York 10038**
**(212) 792-9670/Office**
**(212) 732-4443/Fax**
slk@stewartkarlin.com

June 12, 2024

<u>**Via ECF**</u>
Honorable LaShann DeArcy Hall
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:    Vesterman v. The Department of Education of the City of New York, et al.,**
            **24-cv-02755 (LDH)(VMS)**

Dear Judge Hall:

I represent Plaintiff Tiffany Vesterman in this matter. In accordance with this Court's Individual Motion Practice rules, Plaintiff write in opposition to Defendant's request a pre-motion conference.

Federal Rule 15a provides that Plaintiff has right to amend the complaint prior to a responsive pleading being served. Since no responsive pleading has been served, (See Federal Rule 7) it is respectfully submitted that Plaintiff should be allowed to amend as of right. Rule 15a also provide that courts, 'should freely give leave [to amend] when justice so requires.'" <u>Kroshnvi v. U.S. Pack Courier Servs. Inc</u>., 771 F.3d 93, 109 (2d Cir. 2014)(quoting Fed. R. Civ. P. 15(a)(2)). Justice so requires absent factors, "such as undue delay, bad faith or dilatory motive on the part of the movant…undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment, etc.," which are wholly absent here. <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962). Here, Plaintiff would request 14 days from the date of this Court's order to file an amended complaint to address the alleged deficiencies in the complaint.

If the request to amend is denied, the following is Plaintiff's response to Defendant's premotion letter. Plaintiff is a teacher formerly employed by the New York City Department of Education ("DOE"), whose employment was terminated on February 18, 2022 due to her failure to comply with the COVID-19 vaccine mandate applicable to DOE employees ("Vaccine Mandate"). Plaintiff brings this case for discrimination and failure to accommodate claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq and First Amendment Claim and Fourteenth Amendment. Plaintiff respectfully submit that dismissal of the Complaint ("Compl.") is not warranted in this matter based on the grounds set forth below.

    1. **The mandated Motion to Dismiss standards favor Plaintiff**

        Under the Federal Rules, a claimant must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). When deciding a motion to

dismiss for failure to state a claim pursuant to Federal Rule 12 (b)(6), the court must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences in plaintiff's favor.  See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007)).  In order to survive a motion to dismiss pursuant to Federal Rule 12(b)(6), a Plaintiff must plead enough facts to state a claim to relief that is plausible on its face. See Bell Atl Corp. v. Twombly, 550 U.S. 544, 570 (2007). A facially plausible claim is one where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

**2.  The Complaint sets forth a prima facie case of discrimination**

The complaint states a plausible claim under the standards under motion to dismiss because the allegations viewed in a light most favorable to the Plaintiff because Plaintiff was terminated because of her religion.  Lowman v. NVI LLC, 821 Fed. Appx. 29, 31 (2d Cir. 2020); see also Offor v. Mercy Med. Ctr., 167 F. Supp. 3d 414, 429 (E.D.N.Y. 2016) (SHRL).  Specifically, here Plaintiff has alleged that she was discriminated against for her religious beliefs by the Defendant's discriminatory imposition of the COVID Vaccine Mandate on employees and, at the same time, placing her fingerprints into the "Problem Code" which permanently scars her as committing misconduct. As long as Plaintiff is on the Problem Code database, she is blocked from being rehired at the Defendant DOE and is barred from working for most schools and agencies in the private sector in New York City.  On August 23, 2021, a notice of a Vaccine Mandate was sent out by New York City Department of Education (NYC DOE) Chancellor Meisha Porter.  On September 10, 2021, an arbitration agreement was signed concerning among other issues rules that would be applied to anyone seeking a religious accommodation for the vaccine mandate. In the arbitration agreement between the NYC DOE and the United Federation of Teachers which stated in relevant part: 'Religious exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or philosophical in nature. Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).  On or about September 20, 2021, Plaintiff applied for a religious exemption accommodation. (See Exhibit "A). Plaintiff who is a practicing Catholic had a sincere religious belief preventing her from being vaccinated because of her religious practice. Plaintiff believes that at least some religious exemptions were given. Thus, at the motion to dismiss stage it would be futile.

**3.  The Complaint sets forth a failure to accommodate claim**

Plaintiff has pleaded that on or about September 20, 2021, Plaintiff applied for a religious exemption accommodation. (See Exhibit "A).  Plaintiff who is a practicing Catholic had a sincere religious belief preventing her from being vaccinated.  A procedure was set up to grant some accommodation based on religion (and medical exemptions.  Here, given that all the facts are to be accepted as true, Plaintiff has pleaded a proper cause of action for failure to accommodate her religious practice.  Clearly, the issue of whether it would create an undue hardship is not suitable on a motion to dismiss.

### 4. Plaintiff's First Amendment Claim and Fourteenth Amendment Claim

In order to prevail on a Free Exercise Clause claim, a plaintiff must establish that the object of the challenged law is to infringe upon or restrict practices because of their religious violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." See Okwedy v. Molinari, 69 Fed. Appx. 482, 484 (2d Cir. 2003) (citing Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993)).In the case at hand, Plaintiff has alleged that on September 22, 2021, Plaintiff was denied religious exemption accommodation. On October 5, 2021, Plaintiff was placed on Leave Without Pay stating that she cannot enter her workplace, school site or nor can she work off-site. On February 2, 2022, Plaintiff received a termination notice from the NYCDOE Division of Human Resources stating that she would be terminated on February 18, 2022. On February 18, 2022, Plaintiff was terminated from her teaching position by the City of New York City Department of Education. Plaintiff was also placed on the 'Problem Code' at the Human Resources' Office of Personnel Investigations. This means that Defendants placed her fingerprints in a database at the Office of Personnel Investigations. The 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct or were incompetent.  Therefore the New York City Department of Education has considered Plaintiff as not getting vaccinated as 'misconduct' which means that Plaintiff is unemployable as a teacher in the education field in New York City including most private employment. On or about January 31, 2023, Plaintiff became aware that her fingerprints were tagged in the New York City Department of Education's 'Problem Code' at the Human Resources' Office of Personnel Investigations but was never told why. Because the 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct or incompetency, Plaintiff has been stigmatized without a name clearing hearing on the matter, before putting her fingerprints into a Problem code database.  On February 10. 2023.  Plaintiff remains coded for misconduct because of her sincerely held religious beliefs. Given these facts which are mandated to be accepted as true for the purposes of the anticipated motion to dismiss, defendant's actions as set forth above deprived Plaintiff of her Federal rights under 42 U.S.C., Section 1983 and the fourteenth amendment due process rights applying the first amendment rights of the U.S. Constitution.  ¶ Compl. 13-33.  Thus, these claims will survive a motion to dismiss under the First and Fourteenth amendment

For the foregoing reasons, Defendants' request should be denied. Thank you for your consideration in this matter.

Very truly yours,
*s/Stewart Karlin*
STEWART LEE KARLIN

 CC via ECF to: Madeleine A. Knutson, ACC