SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
TIFFANY VESTERMAN,

                              Plaintiff,                                  Index No.

-against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK and DAVID C.
BANKS individually and as Chancellor of the
Department of Education of the City of New York,

                              Defendants.
------------------------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

**STEWART LEE KARLIN
LAW GROUP, P.C.**

Stewart Lee Karlin, Esq.
Attorneys for Plaintiff
111 John Street, 22nd Floor
New York, New York 10038
(212) 792-9670
slk@stewartkarlin.com

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES .................................................................................................... ii-iii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................ 1-10

      POINT I: STANDARD OF REVIEW ............................................................................... 1

      POINT II: PLAINTIFF PLEADED A PLAUSIBLE CAUSE OF ACTION
      FOR RELIGIOUS DISCRIMINATION IN VIOLATION OF THE FIRST
      AMENDMENT................................................................................................................ 1-

           1.     Plaintiff was discriminated against based on her religion ....................... 1-5

           2.     Defendant failed to accommodate Plaintiff and did not engage
                 in the mandated interactive process ......................................................... 5-7

      POINT III: PLAINTIFF HAS PROPERLY PLEADED A VIOLATION OF 1983 ..... 7-10

CONCLUSION............................................................................................................................10

# **TABLE OF AUTHORITIES**

*Laws and Statutes:*

42 U.S.C. § 1983................................................................................................................1, 7

Federal Rule of Civil Procedure 8(a) ........................................................................................1

Federal Rule of Civil Procedure 12 (b)(6) ................................................................................1

First Amendment, United States Constitution ..............................................................1, 2, 4, 10

Fourteenth Amendment, United States Constitution .............................................................1, 10

Free Exercise Clause..............................................................................................................2, 4

NYS Education Law § 3020-a ..........................................................................................5, 8, 9

Title VII .......................................................................................................................................2

*Cases:*

Ansonia Bd. of Ed. v. Philbrook,
479 US 60 ...............................................................................................................................4

Baker v. Home Depot,
445 F.3d 541, 546 (2d. Cir. 2006) .........................................................................................6

Bell Atl Corp. v. Twombly,
550 U.S. 544, 570 (2007) .......................................................................................................1

Bishop v Wood,
426 U.S. 341, 348 ..................................................................................................................9

Board of Regents v Roth,
408 U.S. 564, 573 ..................................................................................................................9

Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,
508 U.S. 520, 533 (1993) .......................................................................................................2

Codd v Velger,
429 U.S. 624, 627 ..................................................................................................................9

Donato v. Plainview-Old Bethpage Central School District,
96 F.3d 623, (2nd Cir. 1995) .................................................................................................9

Employment Division, Department of Human Resources of Oregon v. Smith,
494 U.S. 872, 877 (1990) ...................................................................................................4

Greenbaum v. N.Y. City Transit Auth.,
2022 U.S. App. LEXIS 22589, at *8 (2d Cir. 2022) .......................................................4

Groff v. Dejoy, Postmaster General,
600 US 447 (2023) ............................................................................................................3

Gronowski v. Spencer,
424 F.3d 285 (2d Cir. 2005) .............................................................................................3

Kane v. DeBlasio,
21-cv-7863 (VEC) .........................................................................................................3, 9

Kassner v. 2nd Ave. Delicatessen Inc.,
496 F.3d 229, 237 (2d Cir. 2007) .....................................................................................1

McDaniel v. Paty,
435 U.S. 618, 627 (1978) ..................................................................................................4

People v. Clifford,
2024 N.Y. Misc. LEXIS 425 ............................................................................................2

Segal v. City of New York,
459 F.3d 207, 212 (2d Cir. 2006) .....................................................................................9

Sherbert v. Verner,
374 U.S. 398, 402 (1963) ..................................................................................................4

Sherr v. Northport-E. Northport Union Free Sch. Dist.,
672 F. Supp. 81, 94 (E.D.N.Y. 1987) ...............................................................................6

Torcaso v. Watkins,
367 U.S. 488, 492–93, 495 (1961) ....................................................................................4

Trans World Airlines, Inc. v. Hardison,
432 U.S. 63 (1977) ............................................................................................................2

United States v. Ballard,
322 U.S. 78, 86 (1944) ......................................................................................................4

Xu v. City of New York,
2020 U.S. Dist. LEXIS 250821, *75-76 (S.D.N.Y. 2020) ...............................................9

# PRELIMINARY STATEMENT

Plaintiff submits this memorandum of law in opposition to Defendant's Motion to Dismiss the Complaint.

# ARGUMENT

## POINT I

### STANDARD OF REVIEW

Under the Federal Rules, a claimant must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). When deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule 12 (b)(6), the court must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences in Plaintiff's favor. See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007). To survive a motion to dismiss pursuant to Federal Rule 12(b)(6), a Plaintiff must plead enough facts to state a claim to relief that is plausible on its face. See Bell Atl Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## POINT II

### PLAINTIFF PLEADED A PLAUSIBLE CAUSE OF ACTION FOR RELIGIOUS DISCRIMINATION IN VIOLATION OF THE FIRST AMENDMENT

1. **Plaintiff was discriminated against based on her religion**

To set forth a prima facie case for First Amendment retaliation under Section 1983, Plaintiff must allege that (1) her right to her religious beliefs was denied to her; (2) she suffered an adverse employment action; and (3) a causal relationship between the two existed in that his religion/religious beliefs were a substantial or motivating factor for the adverse employment action. Gronowski v. Spencer, 424 F.3d 285 (2d Cir. 2005). Plaintiff properly made those allegations in his Complaint.

1

In order to prevail on a Free Exercise Clause claim, a plaintiff must plead that 'the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation' or that its 'purpose . . . is the suppression of religion or religious conduct.'" Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993).  In analyzing whether the mandate is violative of the First Amendment, Courts consider whether the mandate will be de minimus.  People v. Clifford, 2024 N.Y. Misc. LEXIS 425.  Further, it is well settled that the Government is not free to disregard the First Amendment in times of crisis.

In the case at hand, the vaccine mandate as applied to Plaintiff has pleaded that she was not allowed to practice her religion because she was not granted a religious accommodation. In fact, her religious beliefs were not even considered.

The Supreme Court recently held that showing more than a de minimis cost is no longer sufficient to qualify as undue hardship under Title VII. Instead, the Court clarified that Title VII requires an employer that denies a religious accommodation to show that the burden of granting the religious accommodation would result in "substantial increased costs in relation to the conduct of its particular business." The Court's decision included a review of, among other things, ordinary meaning. In considering ordinary meaning, the Court reasoned that undue hardship "means something very different from a burden that is merely more than de minimis, i.e., something that is 'very small or trifling.'" The Court also reviewed the 1977 decision in Trans World Airlines, Inc. v. Hardison, 432 U.S. 63 (1977), which has been interpreted as holding undue hardship means de minimis cost. The Court stopped short of overturning Hardison but explained that the de minimis interpretation of Hardison is erroneous and showing "more than a de minimis cost as that phrase is used in common parlance, does not suffice to establish undue hardship under Title VII.  With respect to the new "substantial increased costs" standard,

2

the Court explained that employers must take into account "all relevant factors in the case at hand, including the particular accommodation at issue and their practical impact in light of the nature, size, and operating cost of an employer. See Groff V. Dejoy, Postmaster General, 600 US 447 (2023). It is respectfully submitted that since the Groff case and the interpretation by the Supreme Court, that Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021) should not apply. Even if Kane does apply, Plaintiff submitted her application in a procedure ruled unconstitutional because it was not religiously neutral on its face. In Kane, the Court held that the procedures specified in the Arbitration Award and applied to Plaintiffs were not neutral. The Supreme Court has explained that "the government, if it is to respect the Constitution's guarantee of free exercise, cannot impose regulations that are hostile to the religious beliefs of affected citizens and cannot act in a manner that passes judgment upon or presupposes the illegitimacy of religious beliefs and practices." Citing Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n, U.S., 138 S. Ct. 1719, 1731, 201 L.Ed.2d 35 (2018). See also Garvey v. The City of New York, 77 Misc. 3d 585, 180 N.Y.S.3d 476 (Richmond, County 2022).

     Here, Plaintiff should have been granted religious accommodation or, at the very least, a meaningful review to determine if Plaintiff was to be allowed the accommodation that should have occurred. Plaintiff was provided with no choice or rationale as to why her request was denied other than the general boilerplate response of a "hardship." Plaintiff was given an ultimatum: either get the vaccine and keep your job or be terminated. There was no effort whatsoever in at least trying to accommodate Plaintiff, nor was there any consideration of her firmly held religious beliefs. Consequently, Plaintiff was terminated because she had views that were significantly more important than her job.

3

Plaintiff has pleaded that (1) she held a bona fide religious belief conflicting with an employment requirement; (2) she informed her employer of this belief; and (3) she was disciplined for failure to comply with the conflicting employment requirement." See Baker v. Home Depot, 445 F.3d 541, 546 (2d. Cir. 2006). While an employer is not required to offer accommodations if it constitutes an undue hardship, an employer should, at the very least, engage in the interactive process, which, in this case, Defendant did not. Ansonia Bd. of Ed. v. Philbrook, 479 US 60; Greenbaum v. N.Y. City Transit Auth., 2022 U.S. App. LEXIS 22589, at *8 (2d Cir. 2022).

The First Amendment to the Constitution protects Plaintiff's free exercise of religion and mandates state accommodation for members of religious groups who object to the vaccinations on religious grounds. The Free Exercise Clause recognizes and guarantees Americans the ''right to believe and profess whatever religious doctrine [they] desire.'' Employment Division, Department of Human Resources of Oregon v. Smith, 494 U.S. 872, 877 (1990). The Free Exercise Clause also ascertains that the government may not attempt to regulate, compel, or punish religious beliefs. Sherbert v. Verner, 374 U.S. 398, 402 (1963); Torcaso v. Watkins, 367 U.S. 488, 492–93, 495 (1961); and United States v. Ballard, 322 U.S. 78, 86 (1944). The Government may not discriminate against or impose special burdens upon individuals because of their religious beliefs or status. Employment Division, Department of Human Resources of Oregon v. Smith, 494 U.S. 877; McDaniel v. Paty, 435 U.S. 618, 627 (1978). The Constitution's protection against government regulation of religious belief is absolute; it is not subject to limitation or balancing against the interests of the government. Employment Division, Department of Human Resources of Oregon v. Smith, 494 U.S. 877; Sherbert v. Verner, 374 U.S. 402 (1963).

In this preliminary stage, Plaintiff has satisfied her burden as she has pleaded how she has been subjected to discrimination due to her religion and religious beliefs without any

4

accommodation or due process of Ed Law 3020 and 3020-a, which have caused her termination and, ultimately, her inability to work. Plaintiff was hired as a teacher by the Department in 2001. In 2021, she elected not to be vaccinated with a COVID-19 vaccine due to her religious practice, which prevented her from being vaccinated. Plaintiff is a practicing Catholic. Plaintiff applied for a religious accommodation, saying that she could not and would not be able to get vaccinated due to her religious beliefs. Her beliefs are sincere and deeply held. On September 22, 2021, Plaintiff received a denial of her religious accommodation from the Department. Plaintiff received no alternative accommodation or option; she was put on leave without pay. Specifically, on October 5, 2021, Plaintiff was placed on a Leave Without Pay ("LWOP") and could not work. (Compl. ¶ 14-15)

In November 2021, the LWOP procedure for determining who could get a religious accommodation was thrown out as "constitutionally infirm" in the Court. On February 2, 2022, Plaintiff received a termination notice from the NYCDOE Division of Human Resources stating that she would be terminated on February 18, 2022. On February 18, 2022, Plaintiff was terminated from her teaching position by the City of New York City Department of Education. (Compl. ¶ 16)

### 2. **Defendant failed to accommodate Plaintiff and did not engage in the mandated interactive process**

After Plaintiff made her reasonable accommodation request, the DOE had the burden of proof to engage in an interactive process to determine whether it would be an undue hardship to accommodate her. In this case, the DOE did not do that and flatly denied Plaintiff's request, offering no alternative option other than getting the vaccine or being terminated. For example, Plaintiff could have double-masked and tested weekly. Proper ventilation systems could have been explored in conjunction with masking and weekly testing.

5

An employer has an obligation to accommodate an employee's religious practices. Baker v. The Home Depot (445 F3d 541, 546 [2d Cir 2006]). The law suggests common sense consideration of multiple factors to determine the sincerity of professed religious beliefs. ("[W]hile the 'truth' of a belief is not open to question, there remains the significant question whether it is 'truly held.' This is the threshold question of sincerity, which must be resolved in every case. It is, of course, a question of fact ...."); Sherr v. Northport-E. Northport Union Free Sch. Dist., 672 F. Supp. 81, 94 (E.D.N.Y. 1987). Under federal law, the City of New York must make reasonable accommodations for the religious practices of its employees unless the accommodation results in undue hardship on the conduct of the employer's business. Baker v. The Home Depot, 445 F.3d 541 (2d Cir. 2006). The DOE had an obligation to examine valid accommodations, such as Plaintiff's religious accommodation request. Defendant had to apply this process and also engage in the interactive process to determine if a religious accommodation could be granted in this case. Here, it did not do so. The overall legality of the policy establishing a vaccination mandate for its employees, subject to religious or medical accommodations, is not in dispute.

Plaintiff received no alternative accommodation or option; she was simply put on leave without pay. There was no explanation or interactive process, such as requesting further information about her religious beliefs, and no explanation as to why it was a hardship. During the 2020-2021 school year, Plaintiff worked remotely, as did all DOE employees during the pandemic. If it was a hardship for a teacher to work remotely, why set up this process at all?

In the case at hand, the DOE failed to engage in the interactive process and failed to engage or provide any rationale to determine Plaintiff's ineligibility. The DOE did not engage in any meaningful discussion or have any interest in determining if Plaintiff had a sincere religious belief

6

before denying her the accommodation and later firing her. Defendant never offered any reasonable accommodation to Plaintiff that would satisfy Plaintiff's sincere religious beliefs and Defendant's concern for "a safe environment for in-person learning." The Defendant, in their Motion to Dismiss, **never offered a single document or factual evidence that showed any effort towards accommodating Plaintiff ever took place. Why set up a procedure for an accommodation, allow teachers to apply for religious accommodation for the vaccine, and then seemingly deny the request because she is an employee? (See Defendant's Exhibit 3)** (emphasis added)

In the case at hand, when Defendant rejected Plaintiff's request, it cited the vaccination mandate, it did not engage in the mandated interactive process or engage in the analysis above. Id. The DOE simply denied Plaintiff's request, stating that she did not qualify for accommodation and provided no meaningful rationale other than that she works in a school building.

### POINT III

### PLAINTIFF HAS PROPERLY PLEADED A VIOLATION OF 1983

Plaintiff was also placed on the 'Problem Code' at the Human Resources Office of Personnel Investigations. This means that Defendants placed her fingerprints in a database at the Office of Personnel Investigations. The 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct or incompetence. Therefore, the New York City Department of Education has considered Plaintiff not getting vaccinated as 'misconduct,' which means that Plaintiff is unemployable as a teacher in education. On or about January 31, 2023, Plaintiff became aware that her fingerprints were still tagged in the New York City Department of Education's 'Problem Code' at the Human Resources Office of Personnel Investigations. (Compl. ¶ 18-19) There is no reason for this, and every reason to give

7

her a 3020-a arbitration hearing on why she committed this so-called "misconduct." This is her right under the Tenure Law Education Law 3020 and 3020-a, which in New York State is constitutional public policy. Because the 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct or incompetency, Plaintiff has been stigmatized without a name-clearing hearing before putting her fingerprints into a Problem Code database. (Compl. ¶ 20). On February 10, 2023, Mayor Eric Adams ended the mandate but did not automatically put Plaintiff back on salary nor give Plaintiff back pay. To Plaintiff's knowledge, she remains coded for misconduct because of her sincerely held religious beliefs. (Compl. ¶ 21-22)

Plaintiff, a stellar teacher without any disciplinary action, now has her fingerprints flagged by a Problem Code, which means a "misconduct" charge forever taints her career. The Code also blocked her from ever getting a job with the Defendant due to the stigma now attached to her file, solely because of her religious beliefs. Defendant punished Plaintiff for believing that the COVID-19 vaccine conflicted with what she could put into her body, and therefore, she could not get vaccinated. Plaintiff is a tenured teacher and could not be terminated nor be given any reduction in salary without a mandated due process procedure known as "3020-a arbitration. This right is embedded in New York State law. NYS Education Law § 3020-a

Having a problem code means that if Plaintiff gets nominated for any position, even in the private sector, she must go through a background check through the PETS system, which will render her ineligible, even with most private schools and vendors in New York City. It renders Plaintiff unemployable in New York City for most schools and vendors.

To state a claim of stigma plus, a plaintiff must allege "(1) an injury to one's reputation (the stigma); (2) the deprivation of some 'tangible interest' or property right (the plus) (3) absence

8

of adequate process." See <u>Xu v. City of New York,</u> 2020 U.S. Dist. LEXIS 250821, *75-76 (S.D.N.Y. 2020); quoting <u>Segal v. City of New York</u>, 459 F.3d 207, 212 (2d Cir. 2006). To demonstrate stigma, a plaintiff must satisfy a three-prong test.

This Problem Code blocks her from getting any money as a salary from the Department, tags her file with misconduct, and blocks her from future employment with the DOE and most private schools and agencies in New York City. Plaintiff is now guilty of insubordination and suspended from pay without a due process hearing "3020-a," which is guaranteed to her by Law and contract (CBA, Article 21G). Plaintiff duly appealed the decision, but the appeal was denied. The public has access to problem codes as demonstrated by the attached declaration of Barry Black Esq. (Exhibit "A") and Betsy Combier (Exhibit "B") that was involved in <u>Kane v. DeBlasio</u> 21-cv-7863 (VEC) that was pending in the U.S. District Court for the Southern District of New York. To her knowledge, being placed on such a list, which is still on the list, without Defendant at least affording a hearing violates Plaintiff's due process rights. Here, there is an implied allegation of impropriety and illegality on the part of Plaintiff that seriously impugned her professional reputation and adversely reflected on her record as a teacher and that her ability to find similar employment within her chosen profession has been substantially impaired by respondents' action <u>Board of Regents v Roth</u>, 408 U.S. 564, 573; <u>Bishop v Wood</u>, 426 U.S. 341, 348; <u>Codd v Velger</u>, 429 U.S. 624, 627.

In <u>Donato v. Plainview-Old Bethpage Central School District</u>, 96 F.3d 623, (2nd Cir. 1995), the Court decided that Donato, who was terminated during her probationary period, was entitled to a name-clearing hearing because the statements made concerning her performance in the job impugn her professional reputation in such a fashion as to effectively put a significant roadblock in her continued ability to practice her profession. In <u>Donato's</u> case, said the Court, her

9

allegations had satisfied the test as the comments made concerning her performance were " . . . so harsh as to be likely to persuade any other school board not to hire [her] as a supervisor." In addition, courts have ruled that a name-clearing hearing is warranted even if there has been no publication concerning the reason for the employee's dismissal in cases where it determines that discharging the employee for the reasons stated does stigmatize the individual and may adversely affect the individual's prospects for future employment. Plaintiff falls into this rubric, and the problem code amount certainly brands a teacher with a "stigma plus" inherently likely to foreclose all future employment in educational settings. It is the rule that "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to her, notice and an opportunity to be heard are essential. A background check through the Defendant PETS system is required for most education jobs in New York City, and she is ineligible; thus, her due process rights pursuant to the 14th Amendment of the United States Constitution have been violated.

## CONCLUSION

For all the above reasons, Defendant's motion to dismiss should be denied in its entirety and for any other just and equitable relief.

Dated: New York, New York  
      October 13, 2024

Respectfully submitted,

*/s/ Stewart Lee Karlin*  
Stewart Lee Karlin, Esq.  
Attorneys for Plaintiff  
111 John Street, 22nd Floor  
New York, NY 10038  
(212) 792-9670  
slk@stewartkarlin.com