24-CV-02755 (LDH) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TIFFANY VESTERMAN,

                                         Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK and DAVID C. BANKS, individually and as a Chancellor of the Department of Education of the City of New York,

                                         Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**MURIEL GOODE-TRUFANT**

*Acting Corporation Counsel of the City of New York*
Attorney for the Defendants
100 Church Street, Room 2-173
New York, N.Y. 10007

*Of Counsel:*   Madeleine A. Knutson, Esq.
*Tel:*  (212) 356-2445

Served November 4, 2024

Matter No. 2024-026472

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ....................................................................................................................................... 1

CONCLUSION .................................................................................................................................... 3

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                  **Pages**

Arista Recs., LLC v. Tkach,
    122 F. Supp. 3d 32
    (S.D.N.Y. 2015) ..............................................................................................................1

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ........................................................................................................3

Dicapua v. City of New York,
    2023 N.Y. Misc. LEXIS 13327
    (Sup. Ct. Richmond Cnty. 2023) ....................................................................................2

Doe v. Columbia Univ.,
    2022 U.S. Dist. LEXIS 176629
    (S.D.N.Y. 2022) ..............................................................................................................1

Groff v. DeJoy,
    600 U.S. 447 (2023) ........................................................................................................1

Kane v. DeBlasio,
    19 F.4th 152 (2d Cir. 2021) .........................................................................................1, 2

Lipton v. County of Orange,
    315 F. Supp. 2d 434
    (S.D.N.Y. 2004) ..............................................................................................................3

Matter of Lynch v. Bd. of Educ. of the City Sch. Dist. of the City of New York,
    221 A.D.3d 456 (1st Dept. 2023) ............................................................................... 2-3

McDermott v. Bd./Dep't of Educ. of the City of New York,
    2024 N.Y. Slip Op. 31713(U)
    (Sup. Ct. New York Cnty. 2024) ....................................................................................2

Nugent v. St. Lukes-Roosevelt Hosp. Ctr.,
    303 F. App'x 943 (2d Cir. 2008) ....................................................................................3

Matter of O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of New York,
    2024 N.Y. Slip Op. 05130
    (Ct. App. 2024) ...............................................................................................................2

Pall Corp. v. Cleanspace Modular, LLC,
    2023 U.S. Dist. LEXIS 201462
    (S.D.N.Y. 2023) ..............................................................................................................1

| **Cases** | **Pages** |
|---|---|

Ruscelli v. Dep't of Educ. of the City of New York,
    23-cv-07475, Dkt. 26
    (E.D.N.Y. 2024)......................................................................................................................1

Sullivan v. Bd. of Educ.,
    131 A.D.2d 836 (2d Dept. 1987) ...........................................................................................2

Valvo v. Dep't of Educ. of New York,
    2021 U.S. Dist. LEXIS 51039
    (S.D.N.Y. 2021) .....................................................................................................................2

**Statutes**

N.Y. Educ. Law § 3020 ................................................................................................................2

N.Y. Educ. Law § 3020-a .............................................................................................................2

## PRELIMINARY STATEMENT

In Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp."), Plaintiff does not raise any colorable arguments to avoid dismissal. In addition to Plaintiff's blatant procedural failures and improper inclusion of new claims and theories, Plaintiff fails to state a claim under any applicable statute. Accordingly, as discussed below and elaborated in Defendants' initial moving papers, the Complaint should be dismissed in its entirety, with prejudice.

## ARGUMENT[1]

Plaintiff's reliance on Kane v. DeBlasio, 19 F.4th 152, 166 (2d Cir. 2021) for her as-applied[2] Free Exercise claim[3] is misguided. See Opp. at 3. Although the Court in Kane rejected plaintiffs' facial challenge to the Vaccine Mandate,[4] the Court concluded that the procedures in the Arbitration Award agreement were not neutral as applied to those plaintiffs. Kane, 19 F.4th at 168; see also Opp. at 3. Here, Plaintiff fails to mention that the Court in Kane required the City to create a "a central citywide panel" to reconsider requests for religious accommodation, thus

---

[1] As an initial matter, Plaintiff's Opposition does not dispute the procedural failures outlined by Defendants in their Motion to Dismiss, which are fatal to Plaintiff's Title VII, SHRL, and CHRL claims, thereby waiving those issues. See Dfts' Mot. to Dismiss, Sections III-V. Failure to oppose specific arguments in a motion to dismiss results in waiver of those issues. See Doe v. Columbia Univ., 2022 U.S. Dist. LEXIS 176629, at *44 n.3 (S.D.N.Y. 2022) (citing Arista Recs., LLC v. Tkach, 122 F. Supp. 3d 32, 39 (S.D.N.Y. 2015).

[2] Because Plaintiff's Opposition states that "[t]he overall legality of the policy establishing a vaccination mandate for its employees, subject to religious or medical accommodations, is not in dispute," Defendants consider any facial challenge to the Vaccine Mandate abandoned. Indeed, such challenge is foreclosed by Kane.

[3] Plaintiff invokes First Amendment retaliation, for the first time, improperly, in opposition. See Opp. pgs. 1-2. "[A] plaintiff cannot amend its complaint by asserting new facts or theories for the first time in opposition to the defendant's motion to dismiss." Pall Corp. v. Cleanspace Modular, LLC, 2023 U.S. Dist. LEXIS 201462, at *12 (S.D.N.Y. 2023) (internal quotations omitted).

[4] In a paragraph discussing undue hardship and granting religious accommodations, Plaintiff nonsensically argues that because of the recent decision in Groff V. Dejoy, Postmaster General, 600 US 447 (2023), Kane should not apply, although it is unclear what part of Kane's holding Plaintiff refers to. See Opp. at 2. Groff deals only with the "undue burden" standard for religious accommodations and does not opine on Free Exercise claims. See generally id. Courts in this Circuit have cited Groff when stating that permitting a teacher to work remotely would have been an undue burden. See Memorandum Decision and Order, Ruscelli v. The Department of Education of the City of New York, 23-cv-07475 (AMD-LB), Dkt. 26, at 12 (E.D.N.Y. 2024) (citing Groff, 600 U.S. at 470).

remedying any "constitutionally suspect" procedures. Kane, 19 F.4th at 162; see also Dicapua v. City of N.Y., 2023 N.Y. Misc. LEXIS 13327, at *39 (Sup. Ct. Richmond Cnty. 2023) ("[s]uch constitutional relief was provided by order of the Second Circuit Motions Panel in requiring the Citywide Panel to provide fresh consideration to the Plaintiff applicants") (internal quotations omitted). Critically, Plaintiff does not allege that she availed herself of this new constitutionally sound procedure.

Plaintiff maintains that her due process rights embedded in Education Law § 3020 and § 3020-a were violated.[5] However, in a recent decision dated October 17, 2024, the Court of Appeals affirmed that the procedures mandated by Education Law § 3020 and § 3020-a are not implicated in enforcement of the Vaccine Mandate. See Matter of O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 2024 NY Slip Op 05130, ¶ 1 (2024). Further, Plaintiff's allegation that she was "tagged" in a "problem code" is factually unsupported, contradicted by documentary evidence, and, in any event, "is insufficiently public to future potential employers to create a liberty interest and support a due process claim."[6] Valvo v. Dep't of Educ. of N.Y., 2021 U.S. Dist. LEXIS 51039, at *12 (S.D.N.Y. 2021) (internal quotations omitted) (collecting cases).[7]

In an attempt to bolster her failure to accommodate claims, Plaintiff newly asserts that Defendants did not engage in the mandated interactive process. However, the First Department found that the appeals process for exemptions from the Vaccine Mandate applicable to DOE employees satisfied the CHRL's requirement to engage in a cooperative dialogue. See Matter of

---

[5] It is well established that Educ. Law § 3020-A procedures are "more than adequate" to satisfy Due Process rights under the Fourteenth Amendment. Sullivan v. Bd. of Educ., 131 A.D.2d 836, 838 (2nd Dept. 1987); see also N.Y. Educ. Law § 3020.

[6] Plaintiff's inclusion of the standard for stigma plus constitutes a new legal theory or claim and is not permissible in Opposition. See Opp. at 8-9.

[7] Even were such a "problem code" in Plaintiff's record, any challenge to that record would need to be brought as an Article 78 proceeding, which would now be untimely. See McDermott v. Bd./Dept. of Educ. of the City of N.Y., 2024 NY Slip Op 31713(U), ¶ 11 (Sup. Ct. N.Y. Cnty. 2024) (noting that the removal of a "problem code" falls within the scope of CPLR Article 78).

2

Lynch v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 221 A.D.3d 456, 458 (1st Dept. 2023). Further, Plaintiff's allegation that she "received no alternative accommodation or option; she was put on leave without pay" (Opp. at 5), is patently untrue. The denial of Plaintiff's religious exemption request[8] included instructions for how to appeal the decision. See Dfts' Mot. to Dismiss, Knutson Declaration at Ex. 3. Notwithstanding, Plaintiff does not allege that she filed an appeal, nor do DOE records indicate that Plaintiff filed an appeal. See generally Compl. By not doing so, Plaintiff herself abandoned the interactive process, precluding recovery. See Nugent v. St. Lukes-Roosevelt Hosp. Ctr., 303 F. App'x 943, 946 (2d Cir. 2008) ("[a]n employee who is responsible for the breakdown of that interactive process may not recover for a failure to accommodate."). Each of Plaintiff's claims are procedurally barred *and* substantively fail to state a claim, and as such, must be dismissed.[9]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Motion to Dismiss the Complaint be granted in its entirety, with prejudice, that judgment in favor of Defendants be entered, and that Defendants be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           November 4, 2024

---

[8] Despite Plaintiff's unfounded statement that Defendants "never offered a single document or factual evidence that showed any effort towards accommodating Plaintiff ever took place" (Opp. at 7), the denial of Plaintiff's accommodation request, attached to Defendants' Motion to Dismiss, clearly states that Plaintiff's application was reviewed and "failed to meet the criteria" because "unvaccinated employees cannot work in a school building without posing a direct threat to health and safety." Dfts' Mot. to Dismiss, Knutson Declaration at Ex. 3.

[9] Although Plaintiff's Opposition only mentions discrimination when discussing Plaintiff's constitutional claims and failure to accommodate claims, to the extent Title VII, SHRL, and CHRL discrimination claims are not abandoned, such claims still fail to state a claim because Plaintiff continues to plead only conclusory allegations which cannot survive a motion to dismiss. See generally Opp.; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." Lipton v. Cnty. of Orange, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004).

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 2-173
New York, New York 10007
(212) 356-2445
mknutson@law.nyc.gov

By:     */s/ Madeleine A. Knutson*
        Madeleine A. Knutson, Esq.

4