UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TIFFANY VESTERMAN,

              Plaintiff,

  -against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK and DAVID C. BANKS, individually and as Chancellor of THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK

              Defendant.

**MEMORANDUM AND ORDER**

24-cv-02755 (LDH) (VMS)

---

LaSHANN DeARCY HALL, United States District Judge:

    Tiffany Vesterman ("Plaintiff") brings the instant action against the Department of Education of the City of New York ("Defendant NYC DOE") and David C Banks, individually and as Chancellor of Defendant NYC DOE, (collectively, "Defendants") alleging violations of her rights under Title VII of the Civil Rights Act of 1964 ("Title VII") and the First and Fourteenth Amendments to the United States Constitution.  (Compl. ¶¶ 9, 33, 36, 38, ECF No. 1.)  Specifically, Plaintiff asserts claims for religious discrimination and failure to accommodate under Title VII, violation of the Free Exercise Clause of the First Amendment, and violation of the Due Process Clause of the Fourteenth Amendment.  Defendant moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint in its entirety.  (Mot. Dismiss, ECF No. 15.)  For the reasons discussed below, Plaintiff's complaint is dismissed with prejudice.

1

## BACKGROUND[1]

Plaintiff, a practicing Catholic, began working for Defendant NYC DOE as a teacher in 2001. (*See* Compl. ¶¶ 3, 5, 12.) In 2016, Plaintiff transitioned into the role of an English Language Arts Literacy Coach. (*See id.* ¶ 6). Plaintiff remained in that role until 2018 when she transitioned back to serving as a teacher. (*See id.* ¶¶ 6-7). In March 2020, New York City, along with hundreds of cities across the nation, implemented various mandatory citywide precautions in response to the deadly, highly contagious COVID-19 virus.[2] In August 2021, the Food and Drug Administration approved the first vaccine designed to combat COVID-19.[3] Shortly thereafter, on August 23, 2021, Defendant NYC DOE mandated that all its employees be vaccinated against COVID-19 (the "Vaccine Mandate"). (*See* Comp. ¶ 10.) On September 10, 2021, Defendant NYC DOE and the United Federation of Teachers entered into an arbitration agreement, which provided, in part, a process for Defendant NYC DOE's employees to request exemptions to the Vaccine Mandate. (*See id.* ¶ 11.) Plaintiff applied for a religious exemption accommodation with respect to the Vaccine Mandate, citing her Catholic faith. (*Id.* ¶ 12.)[4] On

---

[1] The following facts are taken from the complaint, documents attached to and incorporated by reference into the complaint, and public documents of which the Court takes judicial notice. *See Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (holding that when ruling on a Rule 12(b)(6) motion to dismiss, the Court "confine[s] its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." (citation and internal quotations omitted)); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (citation and internal quotations omitted)). These facts are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

[2] The Court takes judicial notice of facts regarding the spread and lethality of COVID-19 as reported by dependable public health authorities. *See Joffe v. King & Spalding LLP*, No. 17-CV-3392, 2020 WL 3453452, at *7 n.9 (S.D.N.Y. June 24, 2020) (collecting cases).

[3] *See FDA Approves First COVID-19 Vaccine*, U.S. Food & Drug Admin. (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine#:~:text=Today%2C%20the%20U.S.%20Food%20and,years%20of%20age%20and%20older.

[4] Plaintiff cites to "Exhibit 'A [sic]" as support for the allegation that she applied for a religious exemption accommodation. (Compl. ¶ 12.) However, Plaintiff fails to include any exhibit that might demonstrate that she

September 22, 2021, Plaintiff's request for a religious exemption accommodation was denied. (*Id.* ¶ 13.) Thereafter, Plaintiff was placed on Leave Without Pay on October 5, 2021, (*id.* ¶ 14), presumably because Plaintiff did not receive the COVID-19 vaccine, as required by the Vaccine Mandate. On February 18, 2022, Plaintiff was terminated as an employee of Defendant NYC DOE, (*id.* ¶ 16), and listed in the "Problem Code" database—a database used to track employees who have committed misconduct or been deemed incompetent, (*see id.* ¶¶ 17, 20). On or about January 31, 2024, Plaintiff became aware that she was still listed in the "Problem Code" database. (*Id.* ¶ 19.) And, on March 4, 2024, Plaintiff commenced this action. (*Id.*)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

---

applied for a religious exemption accommodation. (Notice of Removal, ECF No. 1.) Indeed, Plaintiff does not include any exhibits. (Id.)

3

## DISCUSSION

### I.   Title VII

"[A] New York plaintiff is required to file a charge of discrimination with the [Equal Employment Opportunity Commission ("EEOC")] and receive a right-to-sue notice before bringing a Title VII claim in federal court." *Daniels v. Juniper Elbow Co.*, No. 14-CV-4898 DLI LB, 2015 WL 1514446, *1 (E.D.N.Y. Apr. 2, 2015) (citation omitted).  Upon receiving the right-to-sue letter, a plaintiff must file suit against the named party in the charge within 90 days. *See* 42 U.S.C. § 2000e–5(f)(1); *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) ("In order to be timely, a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right-to-sue letter.") (citation omitted).  This requirement effectively acts as a statute of limitations for Title VII claims brought in federal court, and absent extraordinary circumstances, a plaintiff must comply with it. *See Spira v. Ethical Culture Sch.*, 888 F. Supp. 601, 602 (S.D.N.Y. 1995) ("If a plaintiff does not file suit within 90 days of his or her receipt of the Right-to-Sue letter, the plaintiff's suit must be dismissed, save extraordinary circumstances." (citation omitted)); *see Amnay v. Del Labs*, 117 F. Supp. 2d 283, 287 (E.D.N.Y. 2000) ("This 90–day requirement is in the nature of a statute of limitations . . . . ").  Defendants argue that Plaintiff's Title VII claim is ripe for dismissal because she failed to commence this suit within 90 days of receiving a right-to-sue letter from the EEOC.  (Mem. L. Supp. Defs.' Mot. to Dismiss ("Defs.' Mem") at 6, ECF No. 17.)  The Court agrees.

Notwithstanding that Defendants plainly argued that Plaintiff's Title VII claim is time-barred, (Defs.' Mem. at 6), Plaintiff neglected to address this point, effectively waiving or conceding this issue. *See Kao v. Brit. Airways*, PLC, No. 17 CIV. 0232 (LGS), 2018 WL 501609, at *5 (S.D.N.Y. Jan. 19, 2018) ("Plaintiffs' failure to oppose [d]efendants' specific

4

argument in a motion to dismiss is deemed waiver of that issue."). Even if Plaintiff had not waived this argument, her Title VII claims would be dismissed as time barred. On December 20, 2021, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights related to the Title VII claims she brings in this action. (Decl. of Madeiline A. Knutson ("Knutson Decl."), Ex. 6, ECF No. 16-6.) Plaintiff was issued a right-to-sue letter dated December 29, 2022, with respect to the Title VII claims she brings in this action. (Knutson Decl., Ex. 5, ECF No. 16-5.) The Court presumes the notice was mailed on the date shown on the notice—December 29, 2022—and was ultimately received by Plaintiff on either January 1 or 2, 2023. *See Stevenson v. City of New York Dep't of Correction*, No. 09CV5274ENVVVP, 2011 WL 13175927, at *2 (E.D.N.Y. July 11, 2011) ("It is presumed that a government notice was mailed on the date shown on the notice and received three days later." (citation omitted)), *aff'd sub nom.*, 489 F. App'x 517 (2d Cir. 2012). This "presumption[] may be rebutted if a party presents sworn testimony or other admissible evidence to show that the notice was mailed later than its stated date or that it took longer than three days to be received." *Id.* Here, however, Plaintiff has not put forth such an argument.

Against this backdrop, and as dictated by the unrebutted presumption, the 90-day limitation period ended on April 1 or 2, 2023. Because Plaintiff did not commence this action until March 4, 2024, her Title VII claim must be dismissed as time barred.[5] *See* 42 U.S.C. § 2000e–5(f)(1); *Spira*, 888 F. Supp. at 602. This conclusion is further compelled by the fact that

---

[5] Even if Plaintiff's Title VII claim was timely, it would be dismissed because of Plaintiff's failure to allege in her Complaint that she filed an administrative charge with the EEOC and received (or did not receive) a right-to-sue notice. *See Collier v. Boymelgreen Devs.*, No. 06 CV 5425 (SJ), 2007 WL 1452915, at *7 (E.D.N.Y. May 17, 2007) (finding that plaintiff's "failure to plead receipt of a right-to-sue letter in her [c]omplaint requires dismissal of her [Title VII] claims."); *Lugo v. Lesbian & Gay Communities Serv. Ctr.*, No. 21-CV-07423 (MMG), 2024 WL 5168042, at *5 (S.D.N.Y. Dec. 19, 2024) (concluding that the plaintiff's claims must be dismissed because he "failed to include any allegations in his complaint regarding any EEOC action against [defendant]", and [p]laintiff declined to respond" to the defendant's argument on this point).

5

Plaintiff "has not shown—or even attempted to show—that there is any basis for equitable tolling (or waiver or estoppel) in connection with her failing to comply with the requisite time frame." *Daniel v. Long Island Hous. P'ship, Inc.*, No. 08-CV-01455 JFB/WDW, 2009 WL 702209, at *7 (E.D.N.Y. Mar. 13, 2009). That is, Plaintiff has not demonstrated any extraordinary circumstance that might negate the need for dismissal. *See Spira*, 888 F. Supp. at 602.

## II.    Free Exercise Claim Under the First Amendment

The Free Exercise Clause of the First Amendment "protects an individual's private right to religious belief, as well as the performance of (or abstention from) physical acts that constitute the free exercise of religion." *Kane v. DeBlasio*, 19 F.4th 152, 163–64 (2d Cir. 2021) (citation and internal quotation marks omitted). These protections, though mighty, "do[] not relieve an individual of the obligation to comply with a valid and neutral law of general applicability." *Slattery v. Hochul*, 61 F.4th 278, 292 (2d Cir. 2023) (citation and internal quotation marks omitted). Of course, "[a] law may not be neutral if it explicitly singles out a religious practice," or if it "targets religious conduct for distinctive treatment." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 281 (2d Cir.) (citation omitted), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021). Likewise, a law may not be "generally applicable" if it either "invites the government to consider the particular reasons for a person's conduct by providing a mechanism for individualized exemptions," or "if it prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way." *Fulton v. City of Philadelphia*, 593 U.S. 522, 523, 534 (2021). That said, for exemptions to be regarded as individualized, "there must be some showing that the exemption procedures allow secularly

6

motivated conduct to be favored over religiously motivated conduct." *Kane*, 19 F.4th at 165 (citing *We The Patriots*, 17 F.4th at 288.)

A neutral law of general applicability is evaluated under rational basis review, which requires that the challenged law be rationally related to achieving a legitimate state goal. *Id.* at 166 (citations omitted)).[6] There can be little question that NYC DOE's Vaccine Mandate was a neutral law of general applicability. *See Kane*, 19 F.4th at 164, 166 (holding that NYC DOE's "Vaccine Mandate, in all its iterations, is neutral and generally applicable" and "plainly satisfies th[e] standard" on rational basis review.); *see also Bonilla v. City of New York*, No. 22-CV-7113, 2023 WL 8372859, at *4 (S.D.N.Y. Dec. 4, 2023) (citation omitted) (concluding NYC DOE's Vaccine Mandate was supported by a "rational, and indeed, compelling basis"). In fact, Plaintiff makes no argument to the contrary.

But, despite the weak footing upon which her Free Exercise claim stands, Plaintiff argues that the mandate, "as applied to Plaintiff," impedes her Free Exercise rights. (Pl.'s Opp'n at 2.) In doing so, she inexplicably asserts that her accommodation request was "not even considered." (*Id.*) As a threshold matter, this allegation was not raised in Plaintiff's Complaint. (Compl.) Accordingly, the Court will not entertain this allegation at length. *See Luna v. N. Babylon Teacher's Org.*, 11 F. Supp. 3d 396, 403 (E.D.N.Y. 2014) (holding that a plaintiff "may not amend her complaint through motion papers and the [c]ourt will not consider these newly raised allegations") (alterations accepted) (internal quotations and citation omitted). In any event, it is clear to the Court that Plaintiff's Free Exercise claim fails.

---

[6] Conversely, laws that are not neutral or generally applicable are subject to strict scrutiny, which requires that the law be narrowly tailored to serving a compelling state interest. *Kane*, 19 F.4th at 169.

7

A plaintiff can establish that a law or rule violates neutrality requirements, as applied, if they "target[] religious conduct for distinctive treatment." *Church of Lukimi Babalu Aye, Inc. v. Hilaeh*, 508 U.S. 520, 533-34 (1993). That is, a plaintiff can establish that a law or rule is violative of the Free Exercise Clause as applied to the plaintiff if she can show that the law was enacted with the purpose of curbing religious conduct or that the enactment of the law stemmed from religious intolerance. Here, Plaintiff has not made either showing. Plaintiff neither pleaded nor argued any facts suggesting that the purpose of the Vaccine Mandate was to suppress or discriminate against religion, as opposed to its purpose being "to protect the workers [of Defendant NYC DOE] and those interacting with them from a highly contagious and potentially fatal virus." *Algarin v. NYC Health + Hosps. Corp.*, 678 F. Supp. 3d 497, 515 (S.D.N.Y. 2023), *aff'd sub nom. Algarin v. New York City Health & Hosps. Corp.*, No. 23-1063, 2024 WL 1107481 (2d Cir. Mar. 14, 2024). In addition, Plaintiff has not alleged facts establishing that the Vaccine Mandate stemmed from religious intolerance in any respect. As such, Plaintiff's Free Exercise claim is dismissed.

### III. Due Process

The Due Process Clause of the Fourteenth Amendment requires that a person be afforded the opportunity for a hearing prior to being deprived of a constitutionally protected liberty or property interest. U.S. Const. amend XIV, § 1. The Due Process Clause has a procedural component and a substantive component, both of which confer distinct rights. *Albright v. Oliver*, 510 U.S. 266, 272 (1994). Procedural due process ensures that a person is provided "constitutionally adequate procedures" before she is deprived of life, liberty, or property. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). That is, a person must be given adequate procedural protections in relation to challenging an adverse action. *O'Connor v.*

8

*Pierson*, 426 F.3d 187, 197 (2d Cir. 2005).  On the other hand, substantive due process "protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense." *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995).  Put differently, substantive due process guarantees "more than fair process"; it "cover[s] a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them . . . . "  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (citations and internal quotation marks).

Here, the Court is unsure whether Plaintiff asserts a substantive or procedural due process claim, or both.  As Defendants note, Plaintiff says little about how her due process rights were violated.  Nevertheless, Defendants construed Plaintiff's Complaint as asserting only a substantive due process claim, and not a procedural due process claim.  Out of an abundance of caution, the Court will address the viability of both.

    **a.  Substantive Due Process**

To analyze a claim under substantive due process, courts perform a two-step analysis.  In the first step, the court must "identify the constitutional right at stake." *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995).  As is relevant here, not all rights are entitled to protection—instead, only "fundamental rights necessary to our system of ordered liberty" are accorded protection under substantive due process. *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 778 (2010).  These fundamental rights have been delineated into two categories: (1) those guaranteed by the first eight Amendments; and (2) those that are "objectively, deeply rooted in this Nation's history and tradition," thus making them essential components of our Nation's concept of ordered liberty. *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 237-239 (2022).

9

If such a right is found, then—in the second step—the court must analyze whether the state action "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Lewis*, 523 U.S. at 847 (citation omitted). Although the notion of shocking the conscience is largely used "in the context of excessive force claims[,] . . . it can apply to other areas of government activity as well." *Velez v. Levy*, 401 F.3d 75, 93-94 (2d Cir. 2005) (internal citations omitted). In applying this standard, courts acknowledge that "due process rests on the bedrock principle that we must protect the individual 'against . . . the exercise of power without any reasonable justification in the service of a legitimate governmental objective.'" *Id.* at 94 (alteration in original) (quoting *Lewis*, 523 U.S. at 845-46). Accordingly, although what is conscience-shocking is indefinite and not susceptible to a precise definition, "'malicious and sadistic' abuses of power by government officials, intended to 'oppress or to cause injury' and designed for no legitimate government purpose, 'unquestionably shock the conscience.'" *Velez*, 401 F.3d at 94 (quoting *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 252 (2d Cir.2001)).

Here, Defendants argue that the Vaccine Mandate applicable to NYC DOE employees does not "implicate a substantive due process right." (Defs.' Mem. at 6.) That is, Defendants contend that, because the Vaccine Mandate did not completely prohibit Plaintiff from engaging in her chosen profession, there can be no substantive due process violation. Defendants are correct. "[T]he Supreme Court, this Circuit, and the other Circuits addressing the issue have all indicated that the right of occupational choice is afforded due process protection only when a plaintiff is 'complete[ly] prohibit[ed]' from engaging in his or her chosen profession." *Hu v. City of New York*, 927 F.3d 81, 102 (2d Cir. 2019) (alterations in original) (collecting cases). Put differently, the right to choose one's occupation or profession is afforded protection under the

10

Due Process Clause, while the right to a specific job within that profession or occupation is not. Here, Defendants did not wholly prohibit Plaintiff from being employed as a teacher, her chosen profession. Instead, Defendant NYC DOE made vaccination against COVID-19—a deadly virus—a precondition to continued employment with Defendant NYC DOE. While this precondition may have made it more difficult for Plaintiff to pursue her calling as a teacher, that she was not absolutely precluded from pursuing this calling is fatal to her claim. *See id*. ("To prevail on . . . a claim [of due process right of occupational choice], a plaintiff must allege facts suggesting that a defendant's conduct has operated as a complete prohibition on [her] ability to practice h[er] chosen profession." (alterations accepted) (internal quotations omitted)); *Manisalco v. New York City Department of Education*, 563 F. Supp. 3d 33, 38 (E.D.N.Y. 2021) ("To rise to the level of a violation of the Fourteenth Amendment's liberty right to choose and follow one's calling, government regulation must . . . completely prohibit[] [a plaintiff] from engaging in his or her chosen profession." (citation and internal quotation marks)), *aff'd*, No. 21-2343, 2021 WL 4814767 (2d Cir. Oct. 15, 2021); *Broecker v. New York City Dep't of Educ.*, 585 F. Supp. 3d 299, (concluding the Vaccine Mandate is a lawful condition of employment) (E.D.N.Y. 2022), *aff'd*, No. 23-655, 2023 WL 7485465 (2d Cir. Nov. 13, 2023), *and aff'd*, No. 23-655, 2023 WL 8888588 (2d Cir. Dec. 26, 2023). Indeed, the Second Circuit has explained that the "Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." *We The Patriots*, 17 F.4th at 293.

Moreover, even if this Court determined that continued employment with Defendant NYC DOE was a fundamental right, Plaintiff's claim still fails at the second step of the analysis. Plaintiff was required to viably allege that the Vaccine Mandate was "arbitrary, or conscience

11

shocking, in a constitutional sense." *Lewis*, 523 U.S. at 846-47; *see also Velez*, 401 F.3d at 93-94 ("For a substantive due process claim to survive a Rule 12(b)(6) dismissal motion, it must allege governmental conduct that is so egregious, so outrageous, that it may . . . shock the contemporary conscience." (citation and internal quotation marks omitted)). Plaintiff failed to assert any allegation of this type. Further, the Court is not aware of any logical reason to hold the Vaccine Mandate was arbitrary or conscience-shocking. To the contrary, and as previously explained, courts have routinely concluded the Vaccine Mandate was a lawful and legitimate precondition to continued employment that was implemented in the public interest during a public health emergency. *See e.g. Broecker*, 585 F. Supp. 3d at 316-17. Accordingly, enforcement of the Vaccine Mandate is neither arbitrary nor conscience-shocking. Plaintiff's substantive due process claim is dismissed.

### b. Procedural Due Process

To viably state a claim for violation of a plaintiff's right to procedural due process, the plaintiff must establish that she (1) possessed a protected property or liberty interest and (2) faced a deprivation of that interest without constitutionally adequate process. *O'Connor*, 426 F.3d at 196. Pre-deprivation processes "need not be elaborate," and "the Constitution mandates only that such process include, at a minimum, notice and the opportunity to respond." *Id.* at 198 (internal quotation marks omitted) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545-46 (1985)).

Here, Plaintiff complains that, as a result of her failure to comply with the Vaccine Mandate, she was terminated and listed in the "Problem Code" database in February 2022 without proper notice or a due process hearing. (*See* Compl. ¶¶ 16-20, 22, 33.) As previously explained, Defendants did not construe Plaintiff's Complaint as asserting a procedural due

12

process claim.  Nevertheless, it is plain to the Court that the factual allegations in the Complaint establish that Plaintiff was afforded a constitutionally adequate process—notice and an opportunity to respond—with respect to the Vaccine Mandate that led to her termination and being listed in the "Problem Code" database.

In opposing Defendants' motion to dismiss, Plaintiff merely asserts one fleeting remark that "she was subjected to discrimination due to her religion and religious beliefs without any accommodation or due process of Ed Law 3020 and 3020-a." (Pl.'s Opp'n at 4-5.)  But, according to the complaint, Plaintiff was well aware of the forthcoming Vaccine Mandate. (*See* Compl. ¶ 10.)  Indeed, in August 2021, Defendant NYC DOE advised that, by September 27, 2021, "[a]ll City employees who work in-person in a[n] [NYC] DOE school setting or . . . building" would need to furnish proof that they had begun COVID-19 vaccination protocols. (Knutson Decl., Ex. 1 at 2, ECF No. 16-1.)  Having been advised ahead of time, it is clear that Plaintiff received ample notice of the Vaccine Mandate.  *See Garland v. City of New York*, 665 F. Supp. 3d 295, 306 (E.D.N.Y. 2023) (finding adequate notice was provided as to a vaccine mandate, with similar exemption protocols, when the terms of the mandate were articulated in a memorandum that was distributed to employees, including the plaintiff), *aff'd sub nom.*, *Garland v. New York City Fire Dep't*, No. 23-663, 2024 WL 445001 (2d Cir. Feb. 6, 2024), *cert. denied*, 145 S. Ct. 266 (2024).

As to the opportunity to respond, Plaintiff fails to allege any facts that she was not afforded a meaningful opportunity to contest or seek exemption from the Vaccine Mandate.  To the contrary, Plaintiff availed herself of this opportunity.  (*See* Compl. ¶ 12.)  On September 1, 2021, Plaintiff submitted a ten-page letter to Defendants detailing her faith-based objections to the vaccine and requesting a religious exemption.  (*Id.*; *see also* Knutson Decl., Ex. 2, ECF No.

13

16-2.) When her request was denied, Defendants provided a process in which Plaintiff could appeal this denial. (Knutson Decl., Ex. 3, ECF No. 16-3.) As such, Plaintiff was given a constitutionally sufficient opportunity to respond. *See Garland*, 665 F. Supp. 3d at 307 (concluding a similar process was constitutionally sufficient). The fact that Plaintiff is dissatisfied with the outcome reached during the process does not retroactively render it constitutionally deficient. *Vasquez v. City of New York - Off. of Mayor*, No. 22-CV-05068 (HG) (VMS), 2024 WL 1348702, at *11 (E.D.N.Y. Mar. 30, 2024), *reconsideration denied*, No. 22-CV-05068 (HG), 2024 WL 1886656 (E.D.N.Y. Apr. 30, 2024). Plaintiff's procedural due process claim is dismissed.

### c. "Stigma Plus" Claim

Plaintiff's articulation of a stigma plus claim in her opposition to Defendant's motion to dismiss constitutes a new legal theory or claim as it was not asserted in Plaintiff's Complaint. (*See generally* Compl.) It is well settled that a party cannot assert a claim for the first time in its motion papers, nor can it attempt to amend its complaint through its motion papers. *Dominick & Dominick LLC v. Deutsche Oel & Gas AG*, No. 14-CV-06445 (PKC), 2017 WL 3669619, at *5 (S.D.N.Y. Aug. 24, 2017), *aff'd sub nom*. *Dominick & Dickerman LLC v. Deutsche Oel & Gas AG*, 756 F. App'x 58 (2d Cir. 2018); *Uddoh v. United Healthcare*, 254 F. Supp. 3d 424, 429 (E.D.N.Y. 2017) (collecting cases). Accordingly, the Court will not consider this newly raised claim, and the claim is dismissed. *Willner ex rel. Willner v. Doar*, No. 12-CV-1955 RRM RER, 2013 WL 4010205, at *5 (E.D.N.Y. Aug. 5, 2013).[7]

---

[7] For the avoidance of doubt, Plaintiff's single use of the word "stigmatized," (Compl. ¶ 20), is wholly insufficient for asserting, and putting Defendants on notice of, a stigma plus claim. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiff was required to provide a "short and plain statement" of each of her claims. Fed. R. Civ. P. 8(a)(2). In any event, even if Plaintiff were to have properly asserted a stigma plus claim, such would fail. A plaintiff asserts a stigma plus claim if they allege "(1) the utterance of a statement . . . that is injurious to her reputation, that is capable of being proved false . . . and (2) some tangible and material state-imposed burden . . . in

14

## CONCLUSION[8]

For the foregoing reasons, Defendant's motion to dismiss the complaint is GRANTED. Plaintiff's Complaint is dismissed with prejudice. The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      September 30, 2025  LaSHANN DeARCY HALL
                                                                             United States District Judge

---

addition to the stigmatizing statement." *Velez*, 401 F.3d at 87 (2d Cir. 2005) (last alteration in original) (citations and internal quotation marks omitted). As a threshold matter, "[t]he defamatory statement must be sufficiently public to create or threaten a stigma." *Id.* Here, the Complaint is devoid of any allegations that Defendants published, or even shared, any information regarding Plaintiff's termination or placement in the Problem Code outside of NYC DOE. This defect is fatal. *Valvo v. Dep't of Educ. of City of New York*, No. 19-CV-8341 (JPO), 2021 WL 1063759, at *4 (S.D.N.Y. Mar. 18, 2021) ("As courts in this circuit have held, DOE's placement of a former employee in its internal problem-code database is insufficiently 'public to future potential employers' to create a liberty interest and support a due process claim." (citations omitted)); *Arroyo v. Dep't of Educ. of City of New York*, No. 19-cv-7416, 2020 WL 4570380, at *14 (S.D.N.Y. Aug. 6, 2020) (concluding plaintiff failed to assert a stigma plus claim, in part, because she failed to sufficiently allege that the Problem Code database is made public for future employers).

[8] Having dismissed the federal claims in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims should she have asserted any. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C.A. § 1367(c)(3)).